**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Allen NEWTON, Defendant–**
**Appellant.**

No. 94–10482.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 1995 *.

Decided Sept. 18, 1995.

---

Robert W. Rainwater, Assistant Federal Public Defender, Fresno, CA, for defendant-appellant.

Patrick K. Hanly, Assistant United States Attorney, Fresno, CA, for plaintiff-appellee.

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Before: HALL, WIGGINS, and LEAVY, Circuit Judges.

PER CURIAM.

Appellant John Allen Newton appeals his conviction of two counts of carjacking (Counts I & III), two counts of use of a firearm during a crime of violence (Counts II & IV), and one count of being a felon in possession of a firearm (Count V). *See* 18 U.S.C. §§ 2119, 924(c), and 922(g)(1). We affirm.

## I.

■ Appellant argues that his convictions for carjacking and for the use of a firearm during a crime of violence violate the Double Jeopardy Clause of the Fifth Amendment. He contends that both statutes punish the same conduct: the criminal use of a firearm. *See* 18 U.S.C. §§ 924(c)(1) (firearm) and 2119 (carjacking).[1] He argues that punishment under both statutes offends the Double Jeopardy Clause. We disagree.

■ Cumulative punishment does not violate the Double Jeopardy Clause if Congress clearly intended to authorize such punishment. *See Missouri v. Hunter*, 459 U.S. 359, 369, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983). We recently concluded that Congress did intend to impose the very cumulative punishment Appellant received. *See United States v. Martinez*, 49 F.3d 1398, 1401–03 (9th Cir.1995) (authorizing cumulative punishment under 18 U.S.C. §§ 924(c) and 2119). It necessarily follows that Appellant's convictions under both statutes do not violate the Double Jeopardy Clause.

## II.

■ Appellant next challenges the sufficiency of the evidence supporting one of his carjacking convictions. Specifically, he ar-gues that the government failed to prove that the vehicle he was charged with carjacking in Count II had the requisite nexus with interstate commerce. *See* 18 U.S.C. § 2119. The vehicle in question is a 1979 Chevrolet Caprice. It belonged to Tyrone Williams, who was stopped at a drive-through of a McDonald's restaurant in Fresno, California when Appellant approached and asked Williams for a ride. Williams agreed. A few minutes later, Appellant pulled a gun, forced Williams out of the car, and drove off. Appellant eventually was arrested and charged with carjacking in violation of 18 U.S.C. § 2119.

Section 2119 makes it a federal crime to carjack a vehicle that "has been transported, shipped, or received in interstate or foreign commerce." *Id.* According to the testimony introduced at trial, the stolen 1979 Chevrolet, which was manufactured and sold in California, only left the state of California on two occasions, once when its owner drove it on vacation to Nevada, and once when the owner drove it to Oregon. According to Appellant, these two out-of-state trips are insufficient to satisfy the requirements of § 2119.

We disagree. Section 2119 is unusually plain. By its terms, all it requires by way of interstate nexus is a single interstate crossing. *See* 18 U.S.C. § 2119 (prohibiting carjacking of a vehicle that "has been transported, shipped, or received in interstate or foreign commerce"); *cf. United States v. Johnson*, 22 F.3d 106, 108–09 (6th Cir.1994) (upholding the constitutionality of § 2119 as applied to a vehicle that had been manufactured, sold, driven, and carjacked in Tennessee, but which once had passed through Georgia on its way from the manufacturer to the dealer). The statute does not require any examination of the purpose or extent of the interstate connection. So long as the vehicle at least once crossed state boundaries in interstate commerce, § 2119 is satisfied.

The stolen 1979 Chevrolet in this case twice passed from California to other states.

---

1. Section 924(c) prohibits the use of a firearm "during ... any crime of violence." 18 U.S.C. § 924(c)(1). The version of § 2119 in effect at the time of Appellant's conviction provided that "[w]hoever, possessing a firearm[,] ... takes a motor vehicle ... by force and violence" shall be guilty of a felony. 18 U.S.C. § 2119 (1992), *amended* Pub.L. 103–322, Title VI, § 60003(a)(14), Sept. 13, 1994.

Both times it did so in interstate commerce, notwithstanding the fact that the purpose of the trips may have been recreational rather than purely commercial. *See United States v. Johnson,* 834 F.Supp. 985, 986–87 (E.D.Tenn.1993), *aff'd* 22 F.3d 106 (6th Cir. 1994); *cf. State of Utah v. Marsh,* 740 F.2d 799, 803 (10th Cir.1984). Viewing the evidence in a light most favorable to the prosecution, *see Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), we conclude that the government proved the essential elements of the crime charged in Count II beyond a reasonable doubt.[2]

The convictions are AFFIRMED.

---

**2.** Appellant does not argue that Congress exceeded its power under the Commerce Clause by enacting 18 U.S.C. § 2119. *See United States v. Oliver,* 60 F.3d 547 (9th Cir.1995) (upholding § 2119 against Commerce Clause challenge).