**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Israel SALINAS, Defendant–Appellant.**

No. 03–30566.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 2004.

Decided Oct. 28, 2004.

Aaron N. Lucoff, United States Attorney's Office District of Idaho, Boise, ID, for Plaintiff–Appellee.

J. D. Merris, Boise, ID, for Defendant–Appellant.

Before: BROWNING, TASHIMA, and BYBEE, Circuit Judges.

MEMORANDUM *

Defendant Israel Salinas ("Salinas") appeals the denial of his motion to suppress. Law enforcement officers received a tip that Salinas was staying at the residence of Rosantina Gonzalez. Possessing a valid arrest warrant, the officers knocked on Gonzalez' front door, and after securing her consent, entered the residence. They arrested Salinas and found within the residence, in plain view, a firearm and drug paraphernalia which Salinas now attempts to suppress.

▉▉ Salinas argues that the officers illegally entered the curtilage of the residence in execution of the arrest warrant, and

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that Idaho law expands the curtilage protection afforded by the Fourth Amendment. A theory of suppression not advanced in the district court cannot be raised for the first time on appeal. *United States v. Keesee,* 358 F.3d 1217, 1220 (9th Cir.2004). Because Salinas failed to raise the state-law curtilage argument before the district court, he may not raise it now.

■ Additionally, the evidence which Salinas seeks to suppress was not discovered within the curtilage of the residence, but within the residence itself. Salinas' argument is thus reduced to the following contention: the Fourth Amendment prevents officers who possess a valid arrest warrant from knocking on the door of the residence, where they reasonably believe the defendant is present, in order to secure the consent of the resident to enter and execute the arrest warrant. Salinas has provided no case law which supports this contention, and this court is aware of none. The case law on which Salinas relies involves the warrantless entry into the curtilage, and therefore is inapposite. *See, e.g., United States v. Dunn,* 480 U.S. 294, 300, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987).

■ Salinas correctly argued that in order to enter the residence in execution of an arrest warrant without consent, the officers must have probable cause to believe both that he is present, and that he resides there. *See Watts v. County of Sacramento,* 256 F.3d 886, 889 (9th Cir.2001). The record indicates that the officers had probable cause to believe that Salinas was present, but were unclear whether he resided there or instead was a guest. However, the district court found that Gonzalez' consent was voluntary, relying on the factors provided in *United States v. Furrow,* 229 F.3d 805, 813 (9th Cir.2000). A district court's determination of consent is reviewed under a clearly erroneous standard, *id.,* which requires a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie,* 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001). The court finds no such mistake in the district court's determination of consent. Accordingly, the officers did not need probable cause to believe that Salinas resided with Gonzalez.

Salinas further contends that the Fourth Amendment curtilage violation tainted Gonzalez' consent. Because Salinas has failed to preserve the curtilage violation, the panel does not reach this issue.

AFFIRMED.