**UNITED STATES OF AMERICA,**
**Plaintiff—Appellee,**

v.

**Albert JORDAN, Defendant—Appellant.**

No. 03–50099.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Nov. 29, 2004.

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM *

Albert Jordan appeals his conviction for passing and uttering counterfeit securities of the United States in violation of 18 U.S.C. § 472, and possession of a counterfeit bank check in violation of 18 U.S.C. § 513(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Jordan first contends that there was insufficient evidence to establish that he knowingly possessed counterfeit securities with intent to defraud. We review Jordan's insufficient evidence claim de novo. *United States v. Si,* 343 F.3d 1116, 1123 (9th Cir.2003). Sufficient evidence supports a conviction if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* Viewing the evidence in the light most favorable to the prosecution, we conclude that ample evidence demonstrates that Jordan knowingly possessed counterfeit treasury checks and intended to defraud the government. This evidence includes: (1) Jordan's incriminating statements in a wiretapped conversation with a government informant; (2) the informant's testimony regarding Jordan's ongoing fraudulent check schemes; (3) testimony regarding government agents' surveillance of Jordan passing counterfeit checks to the informant; and (4) the names on the counterfeit checks, which matched names provided to Jordan by the informant. A rational fact-finder could have found Jordan guilty beyond a reasonable doubt based on this evidence.

Jordan next argues that insufficient probable cause supported the warrant for his arrest, and that we should reverse his conviction for possession of the counterfeit bank check found on his person at the time of his arrest. Because he did not challenge the validity of the arrest warrant in the district court, Jordan waived this potential ground for suppressing the evidence seized incident to his arrest. *See United States v. Keesee,* 358 F.3d 1217, 1220 (9th Cir.2004).

Jordan also asserts the defense of entrapment for the first time on appeal. For strategic reasons, Jordan expressly waived his right to assert an entrapment defense in the district court. The issue is therefore not reviewable. *See United States v. Perez,* 116 F.3d 840, 845 (9th Cir.1997) (en banc).

Finally, Jordan contends that the district court erred in declining to grant a downward departure in his sentence on the ground of imperfect entrapment. Because the district court's denial of the departure was discretionary, we lack jurisdiction to review it. *United States v. Wetchie,* 207 F.3d 632, 636 (9th Cir.2000).

Accordingly, the judgment of the district court is **AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.