MEMORANDUM **
Bruce Foy Lowry appeals his conviction for possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and the district court’s finding that he was subject to a mandatory minimum sentence of fifteen years under the Armed Career Criminal Act (ACCA) as provided in 18 U.S.C. § 924(e)(1). We affirm the district court’s evidentiary and ACCA findings, but issue a limited remand pursuant to United States v. Ameline, 409 F.3d 1073, 1074 (9th Cir.2005).
1. Lowry contends that the district court erred in admitting his taped phone conversation. The district court’s evidentiary rulings are reviewed for abuse of discretion. See United States v. Murillo, 255 F.3d 1169, 1174 (9th Cir.2001).
Lowry’s evidentiary argument is that the tape recorded statements were hearsay and were too ambiguous to be considered statements against penal interest falling within the exception to hearsay provided by Federal Rule of Evidence 804(b)(3). The district court, however, admitted the tape recording not as a statement against penal interest but as an admission of a party opponent. Such an admission is, by definition, not hearsay. See United States v. Kenny, 645 F.2d 1323, 1339 (9th Cir.1981). To qualify as such an admission, an out-of-court statement need only be Lowry’s own. See Fed.R.Evid. 801(d)(2). The district court considered the relevancy and potential for prejudice in admitting the evidence, as well as the need to include the entire excerpt of the conversation for purposes of context. The district court did not abuse its discretion in admitting the statement as a party admission.
2. Lowry maintains that the ACCA is unconstitutional because (1) it allows judges, rather than juries, to find the fact of a prior conviction; (2) it violates his right to equal protection and due process by imposing a mandatory minimum sentence; (3) there is no time limit on how old a prior conviction can be for purposes of the ACCA; and (4) it offends the separation of powers principle because it confers judicial responsibilities on prosecutors. We review Lowry’s constitutional challenge to the ACCA de novo. See United States v. Kaluna, 192 F.3d 1188, 1193 (9th Cir.1999) (en banc). These arguments are foreclosed by circuit precedent.
First, this court has previously held that, for purposes of the ACCA, a judge may find the fact of a prior conviction without submitting the issue to the jury. See United States v. Summers, 268 F.3d *136 683, 688-89 (9th Cir.2001) (holding that the ACCA is facially constitutional because prior convictions need not be proven to a jury beyond a reasonable doubt). This holding was reinforced by the Supreme Court’s decision in Booker. See United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) (holding that all facts, besides the fact of prior conviction, must be proved to a jury beyond a reasonable doubt); see also United States v. Weiland, 420 F.3d 1062, 1079-80 (9th Cir.2005) (holding that a district court may find the fact of a prior conviction and enhance a defendant’s sentence accordingly). Lowry’s argument is therefore foreclosed.
Second, while Lowry does not specifically articulate his due process or equal protection challenges, this court has previously rejected such arguments. In United States v. Baker, 850 F.2d 1365, 1372 (9th Cir.1988), this Court held that it is within Congress’s power to target certain three-time offenders for enhanced penalties, and that the ACCA thus does not constitute an equal protection violation. For the same reason, there is no due process violation.
Third, this court has held that the only time limitation that applies to “prior convictions” for the purposes of the ACCA is that they be “previous.” See United States v. Keesee, 358 F.3d 1217, 1221 (9th Cir.2004); United States v. Alvarez, 972 F.2d 1000, 1006 (9th Cir.1992) (per curiam). Lowry’s timeliness objection is therefore not well taken.
Fourth, this court has determined that the federal three-strikes statute, providing for a mandatory minimum sentence similar to the ACCA, does not violate the separation of powers. Kaluna, 192 F.3d at 1199. In Kaluna, as here, the defendant argued that the separation of powers was violated because a mandatory minimum sentence increases the discretionary power of prosecutors vis-a-vis the judiciary. Id. In addition, this court has decided that the ACCA does not offend the separation of powers between the legislature and the judiciary. Baker, 850 F.2d at 1372. We therefore reject Lowry’s arguments regarding the constitutionality of the ACCA.
3. Lowry’s final argument is that his sentence should be vacated and his case remanded for resentencing because he was sentenced under a mandatory Guidelines regime before the Supreme Court’s decision in Booker. While Lowry objected to the application of the Guidelines before the district court, his argument was that it was unconstitutional for the court, rather than the jury, to find the fact of a prior conviction. This objection preserved potential constitutional error but not the nonconstitutional error at issue here.[1] See United States v. Knows His Gun, 438 F.3d 913, 918 (holding that defendant’s objection before the district court regarding the validity and constitutionality of the sentencing guidelines, based on Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), was not sufficient to preserve the nonconstitutional error); United States v. Dowd, 417 F.3d 1080, 1091 (9th Cir.2005). We therefore review his sentencing claim for plain error. See Knows His Gun, 438 F.3d at 918.
Here, Lowry was sentenced under a mandatory Guidelines regime. Because *137 it is “not possible to reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory,” we remand to the district court for its reconsideration of the sentence pursuant to Ameline, 409 F.3d at 1084. See also United States v. Moreno-Hernandez, 419 F.3d 906, 916 (9th Cir.2005) (holding that the limited remand procedure outlined in Ameline applies to nonconstitutional error).
CONVICTION AFFIRMED; REMANDED

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9 th Cir. R. 36-3.

. Although under this analysis Lowry would have preserved any Sixth Amendment error, the only findings made by the district court that enhanced his sentence concerned his pri- or convictions. Accordingly, any error on the part of the district court is nonconstitutional error. See Ameline, 409 F.3d at 1084 n. 8.