**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50418 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01281-AHM-1 |
| v. | |
| JUAN APARICIO-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted November 5, 2010
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges, and SEABRIGHT, District Judge.[**]

1.      The district court properly denied the motion to suppress filed by

Defendant-Appellant Juan Aparicio-Lopez (Aparicio-Lopez).  The Border Patrol

Agent had reasonable suspicion for the initial traffic stop.  The agent observed

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

Aparicio-Lopez's evasive slowing behavior, extremely nervous appearance, his vehicle's type and Baja license plates, and the time he crossed the checkpoint. *See United States v. Garcia-Barron*, 116 F.3d 1305, 1307 (9th Cir. 1997) (listing factors to consider in determining whether a vehicle stop was justified by reasonable suspicion).

The initial traffic stop was not unlawfully extended by the agent's questioning of Aparicio-Lopez regarding his business in the United States. The questioning did not unreasonably prolong the duration of the detention, and therefore required no additional Fourth Amendment justification. *See United States v. Mendez*, 476 F.3d 1077, 1080-81 (9th Cir. 2007) (stating that because "officers' questioning did not prolong the stop, we are compelled to hold that the expanded questioning need not have been supported by separate reasonable suspicion"); *see also United States v. Turvin*, 517 F.3d 1097, 1099-1100 (9th Cir. 2008) (same).

The waiting period necessitated by the agent's call for the K-9 unit did not transform the investigatory detention into a functional arrest because the agents "used no threats of force, unnecessary delays, exaggerated displays of authority or other coercive tactics." *United States v. Torres-Sanchez*, 83 F.3d 1123, 1129

(9th Cir. 1996), *as amended* (citations omitted).  Moreover, Aparicio-Lopez's

consent to the canine sniff search justified the additional detention while he and the

agents waited for the K-9 unit to arrive.  *See United States v. Brignoni-Ponce*,

422 U.S. 873, 882-83 (1975) (noting that further detention or search unjustified by

border patrol agents' reason for initial stop must be based on "consent *or* probable

cause") (emphasis added).

Aparicio-Lopez's arguments regarding the validity and scope of his consent

were waived because he did not advance them in his motion to suppress before the

district court.  *See United States v. Keesee*, 358 F.3d 1217, 1220 (9th Cir. 2004).


2.    The district court did not clearly err in denying Aparicio-Lopez's

request for a safety-valve reduction because, "not later than the time of the

sentencing hearing, [Aparicio-Lopez] ha[d] [not] truthfully provided to the

Government all information and evidence [he] ha[d] concerning the offense . . ."

18 U.S.C. § 3553(f)(5); *see also* U.S.S.G. § 5C1.2(a)(5).

*United States v. Shrestha*, 86 F.3d 935 (9th Cir. 1996), does not compel a

contrary conclusion.  *Shrestha* held that a defendant's "perjury at trial should [not]

automatically defeat a claim for [safety valve relief][,]" *id.* at 939-40, and

determined that, although the defendant had perjured himself in his prior

3

testimony, he was entitled to a safety-valve reduction because, before sentencing, he "appear[ed] to have timely provided the Government with all the information at his disposal concerning the offense for which he was convicted." *Id*. at 939. In this case, however, the district court found that Aparicio-Lopez appeared to have proffered incomplete, inconsistent, and untrue information to the government before sentencing.

**AFFIRMED.**