
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50310 |
| Plaintiff - Appellee, | D.C. No. 5:09-cr-00055-RT-1 |
| v. | |
| BENJAMIN SCHWARZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Robert J. Timlin, Senior District Judge, Presiding

Submitted December 5, 2011[**]
Pasadena, California

Before:     PREGERSON and MURGUIA, Circuit Judges, and CONLON,

District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

Benjamin Schwarz appeals the district court's denial of his motion to suppress evidence of drugs found in his vehicle. Following the denial of his suppression motion, Schwarz pled guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(ii)(II). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo the district court's denial of a motion to suppress, and review for clear error the underlying factual findings. *United States v. Rodgers*, 656 F.3d 1023, 1026 (9th Cir. 2011).

First, the district court correctly determined that the stop of Schwarz's vehicle was supported by reasonable suspicion that he had committed a traffic violation. *See United States v. Miranda-Guerena*, 445 F.3d 1233, 1236 (9th Cir. 2006). The sworn declaration and testimony of Detective Solomon established that Schwarz swerved his vehicle into a neighboring lane and cut off another vehicle, providing reasonable suspicion that he made an unsafe lane change in violation of California Vehicle Code § 21658(a). We accord special deference to the district court's determination that Detective Solomon's statements were credible, *see United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008), and the district court's finding of reasonable suspicion was well-grounded in the record. Because Detective Solomon had reasonable suspicion to believe Schwarz committed a

traffic violation, it is immaterial whether he had a subjective motivation to stop Schwarz's vehicle to investigate drug trafficking. *See United States v. Willis*, 431 F.3d 709, 715 (9th Cir. 2005).

Second, the traffic stop was not impermissibly prolonged. Detective Solomon conducted additional questioning unrelated to the traffic violation. Extending the stop for questioning was permissible because the detective's observations and conflicting responses from Schwarz and his passenger gave rise to a reasonable suspicion that Schwarz was engaged in drug trafficking; a fifteen minute stop for the period necessary to investigate the suspicion of drug activity was justified by the record. *See Rodgers*, 656 F.3d at 1027 (extending a traffic stop for additional investigation was permissible where "the situation was evolving, and new particularized factors arose that supported the continued detention").

Third, even if the district court erred in determining that Schwarz voluntarily consented to the search of his truck, the search was supported by probable cause. *See United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010) (under the automobile exception, police may search a vehicle without a warrant "if there is probable cause to believe that the vehicle contains evidence of a crime"). Probable cause to search was provided by the narcotics detector dog's alert to the presence

3

of drugs, coupled with Detective Solomon's observations regarding the altered truck bed and the truck's occupants. *See United States v. Cedano-Arellano*, 332 F.3d 568, 573 (9th Cir. 2003) (an "'alert' by [a] certified, reliable narcotics detector dog [i]s sufficient, even by itself, to support a finding of probable cause"); *United States v. Davis*, 530 F.3d 1069, 1084 (9th Cir. 2008) (probable cause may be supported in part by an officer's "reasonable inferences").

Finally, we do not consider Schwarz's contention that the scope of the search was impermissibly broad because he failed to raise this contention in his motion to suppress, thereby waiving it. *See United States v. Keesee*, 358 F.3d 1217, 1220 (9th Cir. 2004) ("A theory for suppression not advanced in district court cannot be raised for the first time on appeal."). Although a waiver may be excused for good cause, Schwarz cannot show good cause. He was aware of the allegedly impermissible scope of the search at the time he filed his motion to suppress. *See United States v. Anderson*, 472 F.3d 662, 670 (9th Cir. 2006).

**AFFIRMED.**