[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14412
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00017-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIUS HARBIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 17, 2017)

Before MARCUS, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Darius Harbin appeals his 162-month sentence for one count of attempted carjacking in violation of 18 U.S.C § 2219 and one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii).  Harbin also pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On appeal, Harbin argues that the government failed to prove beyond a reasonable doubt at trial that the car was shipped, transported, or received during interstate or foreign commerce.  He also argues that the government failed to prove beyond a reasonable doubt at trial that he had the requisite intent to demand or take control of the car.

Further, Harbin contends that the district court erred at sentencing by considering his prior juvenile adjudication when calculating his criminal history score.  Finally, he argues that the district court abused its discretion by imposing a substantively unreasonable total sentence. After careful review of each of Harbin's arguments, we affirm.

We address each point in turn.

## I.

We review the "sufficiency of [the] evidence to support a conviction *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's

verdict." United States v. Taylor, 480 F.3d 1025, 1026 (11th Cir. 2007) (citation omitted). Moreover, we "will not reverse unless no reasonable trier of fact could find [the defendant] guilt[y] beyond a reasonable doubt." United States v. Farley, 607 F.3d 1294, 1333 (11th Cir. 2010) (citation omitted).

To obtain a conviction for carjacking under 18 U.S.C. § 2119, the "government must prove that the defendant (1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." United States v. Diaz, 248 F.3d 1065, 1096 (11th Cir. 2001) (quoting United States v. Applewhaite, 195 F.3d 679, 684–85 (3rd Cir. 1999).

We have previously found that the jurisdictional element of § 2119 was satisfied when a vehicle was manufactured in Ohio and located in Georgia during the carjacking. United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005). While this Court has not addressed the specific issue in this case, the Ninth Circuit found that the jurisdictional element was satisfied in a case where the vehicle "twice passed from California to other states," even though "the purpose of the trips may have been recreational rather than purely commercial." United States v. Newton, 65 F.3d 810, 811-12 (9th Cir. 1995). Further, the Eleventh Circuit pattern jury instructions state "[t]o 'transport, ship, or receive' a vehicle in interstate or foreign

commerce means to move the vehicle between any two states or between the United States and a foreign country." Pattern Crim. Jury Instr. 11th Cir. OI O78 (2016).

Our precedent holding that a vehicle which had been manufactured out of state and then transferred in state was sufficient to create a jurisdictional nexus combined with the pattern jury instructions in our circuit persuade us that a vehicle which regularly travelled between two states would have the necessary jurisdictional nexus. The testimony of both the victim and his girlfriend provided a reasonable basis for the jury to believe that the victim traveled between Alabama and Georgia not just on a regular basis, but also on the night the crime was committed, establishing that the vehicle had traveled in interstate commerce. This is a sufficient jurisdictional nexus to satisfy the jurisdictional element of § 2119.

## II.

To satisfy the intent element for carjacking, the government must prove that "at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car." United States v. Fulford, 267 F.3d 1241, 1244 (11th Cir. 2001) (quoting Holloway v. United States, 119 S. Ct. 966, 972 (1999)). Where the defendant was charged with attempted carjacking, the government need only show that the defendant "had the specific intent to engage in criminal conduct

4

and that he took a substantial step toward commission of the offense." United States v. Baptista-Rodriguez, 17 F.3d 1354, 1369 (11th Cir. 1994) (citation omitted).

Viewing the evidence in the light most favorable to the government, the government presented sufficient evidence for the jury to find, beyond a reasonable doubt, that Harbin had the intent to demand or take control of the vehicle. For instance, Harbin told the victim to "[g]et the fucking gas pump out of the car before I – before I shoot you in the head." The jury could reasonably infer that Harbin wanted the victim to remove the gas pump so that Harbin could take the car. This is the most likely explanation for that particular demand.

We "draw all reasonable inferences and credibility choices in favor of the jury's verdict" in evaluating the sufficiency of the evidence presented. Taylor, 480 F.3d at 1026. If the jury credited the victim's testimony, they could reasonably have found beyond a reasonable doubt that Harbin intended to take control of the vehicle. Accordingly, the government presented sufficient evidence to prove intent.

III.

We review arguments regarding guideline calculations *de novo*. United States v. Moran, 778 F.3d 942, 959 (11th Cir. 2015). We have held that "[t]here is no constitutional right to a jury trial in federal juvenile delinquency proceedings." United States v. Burge, 407 F.3d 1183, 1190–91 (11th Cir. 2005) (quoting United

States v. Bent, 702 F.2d 210, 212 (11th Cir. 1983).  Moreover, we have held that

"[a] prior nonjury juvenile adjudication that was afforded all constitutionally-

required procedural safeguards can properly be characterized as a prior

conviction."  Burge, 407 F.3d at 1191 (quotation omitted).  Prior convictions are

not subject to collateral attack in the sentence proceeding, absent a showing that

the prior conviction was obtained in violation of the right counsel.  United States v.

Phillips, 120 F.3d 227, 231 (11th Cir. 1997).

There is no constitutional right to a jury trial in a juvenile proceeding and a

juvenile proceeding conducted with appropriate process may be construed as a

prior conviction.   Burge, 407 F.3d at 1190–91. The only procedural safeguard that

Harbin claims was lacking is the right to a jury trial,[1] which is not a constitutional

right in a juvenile proceeding. Accordingly, the court below properly calculated

Harbin's prior criminal history.

## IV.

We review the reasonableness of a sentence for an abuse of discretion.

United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  The party who

challenges the sentence bears the burden to show that the sentence is unreasonable

in light of the record and the § 3553(a) factors.  Id. The district court must impose

---

[1] To the extent Harbin argues on appeal that there was some other (unnamed) constitutional procedural right that was violated in his prior juvenile conviction, such argument was not presented to the district court. Moreover, Harbin fails even on appeal to identify any such violation. In any event, we conclude there is no plain error.

a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a), including the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to deter criminal conduct, and to protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. § 3553(a)(1)–(7).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). However, a court can abuse its discretion "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted).

Finally, although we do not presume that a sentence falling within the guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). That a

sentence is well below the statutory maximum penalty is another indicator of reasonableness.  United States v. Croteau, 819 F.3d 1293, 1310 (11th Cir. 2016).

The court's imposition of a 162-month total sentence is substantively reasonable.  Although Harbin argues that the total sentence imposed does not reflect the seriousness of his conduct, the "weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court."  Clay, 483 F.3d at 743.  The court, relying on the verdict of the jury and Harbin's own guilty plea, imposed a total sentence that was within the guidelines and well below the statutory maximum penalty.  While these facts do not prove the total sentence was reasonable, they are indicators of reasonableness.  Hunt, 526 F.3d at 746; Croteau, 819 F.3d at 1310.

Furthermore, there is no evidence presented by the parties or in the record that the court failed to consider an important § 3553(a) factor or improperly weighed the factors.  Irey, 612 F.3d at 1189.  In fact, the court expressly stated that it "ha[d] considered the advisory sentencing range and the sentencing factors found at 18 U.S.C., Section 3553(a), and ha[d] made an individualized assessment based on the facts presented."  Because there is no evidence the court placed improper emphasis on a particular § 3553(a) factor, we find that the district court did not abuse its discretion.  Accordingly, we affirm.

**AFFIRMED.**