**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50324 |
| Plaintiff-Appellee, | D.C. No. 8:15-cr-00137-CJC-1 |
| v. | |
| JOSE ANTONIO ACEVEDO-LEMUS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted April 1, 2020[**]
Pasadena, California

Before: WARDLAW, MURGUIA, and MILLER, Circuit Judges.

Jose Antonio Acevedo-Lemus was sentenced to sixty months imprisonment

and a lifetime term of supervised release following a conditional guilty plea for

possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B),

2252A(b)(2).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In January 2015, the Federal Bureau of Investigation ("FBI") seized the servers of "Playpen," an online child pornography bulletin board hosted on servers located in North Carolina, and began operating the website after moving the servers to FBI facilities in Newington, Virginia. Then, in February 2015, the FBI obtained a warrant from a magistrate judge in the Eastern District of Virginia authorizing use of a Network Investigative Technique ("NIT") to identify users of Playpen (the "NIT Warrant"). Using the information gathered from the NIT Warrant, agents then obtained a local warrant to search Acevedo-Lemus's residence. Acevedo-Lemus challenges the district court's denial of his motion to suppress evidence, arguing that the NIT Warrant was issued in violation of Federal Rule of Criminal Procedure 41(b), and that the local warrant was not supported by probable cause. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1.      Acevedo-Lemus acknowledges that his challenge to the NIT Warrant is foreclosed by our decision in *United States v. Henderson*, 906 F.3d 1109 (9th Cir. 2018). Indeed, *Henderson* addressed the precise warrant at issue here. In *Henderson*, we held that the NIT Warrant violated Federal Rule of Criminal Procedure 41(b), but that suppression was not required under the good-faith exception to the exclusionary rule. *Id. at* 1113–15. We see no reason to depart from that holding here.

2.      Acevedo-Lemus does not establish good cause for his failure to

challenge the local warrant in the district court and therefore waived his right to challenge it on appeal. Under Federal Rule of Criminal Procedure 12, a "'theory for suppression not advanced in district court cannot be raised for the first time on appeal' absent a showing of good cause." *United States v. Guerrero*, 921 F.3d 895, 897–98 (9th Cir. 2019) (quoting *United States v. Keesee*, 358 F.3d 1217, 1220 (9th Cir. 2004)); *see also United States v. Restrepo-Rua*, 815 F.2d 1327, 1329 (9th Cir. 1987) (per curiam). Contrary to Acevedo-Lemus's contention, the suppression motion's passing reference to the local warrant in a section of the motion entitled "The NIT Warrant Violated the Warrant Clause's Particularity Requirement" did not adequately raise the issue. *See George v. Morris*, 736 F.3d 829, 837 (9th Cir. 2013) ("Although no bright line rule exists to determine whether a matter [has] been properly raised below, an issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." (quoting *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010))). "[J]ust as a failure to file a timely motion to suppress evidence constitutes a waiver, so too does a failure to raise a particular ground in support of a motion to suppress." *United States v. Wright*, 215 F.3d 1020, 1026 (9th Cir. 2000) (quoting *Restrepo-Rua*, 815 F.2d at 1329).

3. But even if Acevedo-Lemus's challenge to the local warrant were reviewable, substantial evidence supports a finding of probable cause. The local

warrant established that Acevedo-Lemus: (1) became a registered member of Playpen, which is accessible only if the user knows the exact web address and installs appropriate software to connect to the network; (2) accessed Playpen for over eight hours; (3) viewed at least 175 threads on the website, two of which contained images of child pornography; and (4) accessed an additional post entitled "Mona" in the forum "Toddlers," which contained two embedded contact sheets with thumbnail images of a naked baby. Furthermore, the affidavit supporting the local warrant established that users had to take "numerous affirmative steps" to access Playpen, "making it extremely unlikely that any user could have simply stumbled upon [Playpen] without first understanding its content and knowing that its primary purpose was to advertise and distribute child pornography." Because probable cause "requires only a probability or substantial chance of criminal activity, *not an actual showing of such activity*," *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (emphasis added) (quoting *Illinois v. Gates*, 462 U.S. 213, 243–44 n.13 (1983)), we conclude that probable cause supported the local warrant.

**AFFIRMED.**