NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2081 |
| Plaintiff - Appellee, | D.C. No. 1:22-cr-02041-SAB-1 |
| v. | |
| SUNDRON LARSELL MILLER, AKA Sundron Larsell Switzler Miller, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2143 |
| Plaintiff - Appellee, | D.C. No. 1:17-cr-02020-SAB -1 |
| v. | |
| SUNDRON LARSELL MILLER, AKA Sundron Larsell Switzler Miller, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted August 13, 2025**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

A jury convicted Sundron Miller of carjacking, brandishing a firearm during and in relation to a crime of violence, being a felon in possession of a firearm, and assault with intent to commit murder in Indian Country. We affirm.

1. First, Miller contends that the government did not prove his Indian status at trial. *See* 18 U.S.C. §§ 1153, 113(a)(1). Because Miller did not raise it below, we review this argument for plain error. *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020). No plain error occurred. The government had to show that Miller: "(1) ha[d] some quantum of Indian blood and (2) [was] a member of, or [was] affiliated with, a federally recognized tribe." *United States v. Zepeda*, 792 F.3d 1103, 1106–07 (9th Cir. 2015) (en banc). On the first prong, the government introduced evidence that Miller was related by blood to Angel Sutterlict-Cloud, a member of the Yakama Nation, and that Miller's uncle and mother both had Indian blood. *See United States v. Bruce*, 394 F.3d 1215, 1223 (9th Cir. 2005). The government also showed Miller was affiliated with the Yakama Nation through Sutterlict-Cloud's testimony, and through evidence at trial showing that Miller resided in, and actively participated in the social life of, the Yakama Nation Indian Reservation. *United States v. Cruz*, 554 F.3d 840, 849–50 (9th Cir. 2009).

2. Second, Miller argues that the district court failed to instruct the jury that

it must find that he was Indian. But Miller failed to show that any such error prejudiced his substantial rights or undermined the integrity of the trial proceedings. Given the evidence of Miller's Indian status, such an instruction would not have changed the trial's outcome. *See Zepeda*, 792 F.3d at 1115; *see also Rosales-Mireles v. United States*, 585 U.S. 129, 134–35 (2018) (plain error shown only if there is a reasonable probability that, "but for the error, the outcome of the proceeding would have been different" (cleaned up)).

3. Third, Miller argues that no reasonable juror could have found that the vehicle he carjacked travelled in interstate commerce. *See* 18 U.S.C. § 2119. Because Miller did not raise this objection below, we review for plain error. *United States v. Lopez*, 4 F.4th 706, 719 (9th Cir. 2021). Evidence of a single interstate crossing, including evidence that a car was manufactured out of a state and then shipped into it, satisfies the interstate nexus requirement for carjacking. *United States v. Newton*, 65 F.3d 810, 811 (9th Cir. 1995). The government presented evidence that the vehicle in question was manufactured outside the state of Washington.

4. Fourth, Miller argues that the instruction on aiding and abetting carjacking constructively amended his indictment. We review for plain error. *United States v. Peterson*, 538 F.3d 1064, 1070–71 (9th Cir. 2008). The instruction here tracked the relevant statutory text and did not omit any required

element.  *See United States v. Armstrong*, 909 F.2d 1238, 1244 (9th Cir. 1990); *United States v. Garcia*, 729 F.3d 1171, 1177 (9th Cir. 2013) (holding that instruction that tracks statutory text and does not omit element is not erroneous). The instruction was similar to those considered error-free by this court.  *United States v. Ubaldo*, 859 F.3d 690, 698–99, 706 (9th Cir. 2017).

5.  Fifth, Miller contends that no reasonable juror could have found that Miller knew of his felony conviction when he possessed a rifle and attempted to murder Sutterlict-Cloud.  *See* 18 U.S.C. § 922(g); *see also Rehaif v. United States,* 588 U.S. 225, 227 (2019).  We review for plain error.  *Greer v. United States*, 593 U.S. 503, 507 (2021).  Normally, a jury can reasonably conclude that "a defendant *knew* he was a felon based on the fact that he *was* a felon." *Id.* at 509.  This principle is especially true here, because Miller stipulated to the felony conviction at issue.  *See United States v. Door*, 996 F.3d 606, 619 (9th Cir. 2021).

6.  Finally, Miller argues that his superseding indictment must be dismissed because the district court issued "ends of justice" continuances that violated the Speedy Trial Act (STA).  Failure to move for dismissal before trial waives STA claims.  18 U.S.C. § 3162(a)(2); *United States v. Brickey*, 289 F.3d 1144, 1150 (9th Cir. 2002), *overruled on other grounds by United States v. Contreras*, 593 F.3d 1135, 1136 (9th Cir. 2010) (en banc).  Miller did not move to dismiss the indictment at the appropriate time in the district court and, thus, waived his STA

claims.

**AFFIRMED.**