**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAULA EULOJIA CANTU-LOPEZ,

Defendant - Appellant.

No. 24-2190

D.C. No.
1:22-cr-02041-SAB-2

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted August 13, 2025[**]
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

A jury convicted Paula Cantu-Lopez of carjacking, brandishing a firearm during and in relation to a crime of violence, and assault resulting in serious bodily injury in Indian country. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.  First, Cantu-Lopez argues that the United States failed to present evidence of her non-Indian status and that the jury was not instructed to find whether she is Indian. *See* 18 U.S.C. § 1152. Because she did not raise this objection below, we review for plain error. *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020). No reversible error occurred. The government was not obligated to prove affirmatively that Cantu-Lopez was not Indian because she did not assert non-Indian status as an affirmative defense. *United States v. Bruce*, 394 F.3d 1215, 1222–23 (9th Cir. 2005); *United States v. Hester*, 719 F.2d 1041, 1043 (9th Cir. 1983).[1]

2.  Second, Cantu-Lopez argues that no reasonable juror could have found that the carjacked vehicle travelled in interstate commerce. *See* 18 U.S.C. § 2119. We review for plain error. *See United States v. Lopez*, 4 F.4th 706, 719 (9th Cir. 2021) ("We review forfeited challenges to the sufficiency of the evidence for plain error."). Evidence of a single interstate crossing, including evidence that a car was manufactured out of a state and shipped into it, satisfies the interstate nexus requirement for carjacking. *United States v. Newton*, 65 F.3d 810, 811 (9th Cir. 1995) (per curiam). The jury could have reasonably inferred that the car was manufactured outside of the state of Washington, satisfying the interstate nexus

---

[1] We have no authority to discard our precedent characterizing non-Indian status as an affirmative defense. *See Miller v. Gammie*, 335 F.3d 889, 892–93 (9th Cir. 2003) (en banc).

requirement.

3.  Third, Cantu-Lopez argues that the aiding-and-abetting instruction constructively amended her indictment.  We review for plain error.  *United States v. Peterson*, 538 F.3d 1064, 1070–71 (9th Cir. 2008).  The instruction passes muster because it tracked the relevant statutory text and did not omit any required element.  *See United States v. Armstrong*, 909 F.2d 1238, 1244 (9th Cir. 1990) (stating standard).  And it was similar to jury instructions considered error-free by this court.  *United States v. Ubaldo*, 859 F.3d 690, 698–99, 706 (9th Cir. 2017).

**AFFIRMED.**