**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2891 |
| Plaintiff - Appellee, | D.C. No. 4:20-cr-06018-SAB-1 |
| v. | MEMORANDUM* |
| KYLE RAY CAMPBELL, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted August 13, 2025**
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

Kyle Ray Campbell appeals from the district court's denial of his motion to

suppress and from his sentence for possession of fentanyl with intent to distribute

in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi).  As the parties are familiar

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

with the facts, we do not recount them here. The district court had jurisdiction under 28 U.S.C. § 2255(d), and we have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Campbell does not contest the district court's conclusion that on its face, the affidavit underlying the search warrant established probable cause. However, he contends that the district court erred in rejecting his claim under *Franks v. Delaware*, 438 U.S. 154 (1978). "A *Franks* hearing determines 'the validity of the affidavit underlying a search warrant.'" *United States v. Norris*, 942 F.3d 902, 909 (9th Cir. 2019) (citation omitted). If, at the hearing, the defendant establishes "perjury or reckless disregard," and "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded." *Franks*, 438 U.S. at 156. "To obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that: (1) 'the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant,' and (2) 'the false or misleading statement or omission was material, *i.e.*, necessary to finding probable cause.'" *Norris*, 942 F.3d at 910–11 (citation omitted). As Campbell has not shown that any purported omission that he identifies was false or misleading, the district court properly denied his suppression motion and *Franks* hearing

request.[1]

2. Campbell also asks us to review the substantive reasonableness of his sentence. However, his plea agreement "expressly waive[d] his right to appeal his conviction and/or sentence, except that [he] retain[ed] the right to appeal the district court's ruling on his motion to suppress." That waiver encompasses Campbell's sentencing claim. And because the district court complied with Federal Rule of Criminal Procedure 11(b) in accepting Campbell's plea, the appeal waiver is valid and enforceable. *See United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004) (providing that an appeal waiver is enforceable if it encompasses the ground raised on appeal and was knowingly and voluntarily made); *United States v. Brizan*, 709 F.3d 864, 866 (9th Cir. 2013) (stating that where "[t]he district court conducted a thorough Rule 11 colloquy," it "ensur[ed] that the plea was knowing and voluntary"). Accordingly, we dismiss Campbell's sentencing claim.

**AFFIRMED IN PART AND DISMISSED IN PART.**

---

[1] We decline to reach Campbell's separate challenge to the denial of Cameron Earl Campbell's motion to suppress. Campbell did not challenge the search of Cameron Campbell's belongings before the district court, and he has not shown good cause on appeal for us to reach the issue. *See United States v. Guerrero*, 921 F.3d 895, 897 (9th Cir. 2019) (holding that "'[a] theory for suppression not advanced in district court cannot be raised for the first time on appeal' absent a showing of good cause" (quoting *United States v. Keesee*, 358 F.3d 1217, 1220 (9th Cir. 2004))).