**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* v. JORGE GUERRERO, AKA Benji, AKA Dreamer, AKA Ricardo Guerrero, AKA Lil Dreamer, *Defendant-Appellant.* | No. 17-50384 D.C. No. 2:16-cr-00681-FMO-1 OPINION |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted January 10, 2019
Pasadena, California

Filed April 22, 2019

Before: A. Wallace Tashima and Paul J. Watford, Circuit
Judges, and Eduardo C. Robreno,* District Judge.

Per Curiam Opinion

---

* The Honorable Eduardo C. Robreno, United States District Judge
for the Eastern District of Pennsylvania, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed the district court's denial of a motion to suppress a gun and ammunition found during a traffic stop.

The panel held that in the wake of the 2014 amendments to Fed. R. Crim. P. 12, the good-cause standard in Fed. R. Crim. P. 12(c)(3), rather than plain error review, continues to apply when a defendant attempts to raise new theories on appeal in support of a motion to suppress. The panel held that the defendant did not show good cause for failing to present in his pre-trial motion the new theory he raised in this appeal.

### COUNSEL

Gia Kim (argued), Deputy Federal Public Defender; Hilary Potashner, Federal Public Defender; Office of the Federal Public Defender, Los Angeles, California; for Defendant-Appellant.

Michael Gregory Freedman (argued), Assistant United States Attorney; Lawrence S. Middleton, Chief, Criminal Division; Nicola T. Hanna, United States Attorney; United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

Jorge Guerrero challenges the denial of his motion to suppress a gun and ammunition found during a traffic stop. Guerrero was a passenger in a car that the police pulled over after they allegedly observed the driver fail to signal before making a left turn.  In the district court, Guerrero raised a single argument in support of his motion: that the officers lacked reasonable suspicion to make the stop because the driver had in fact signaled in advance of her turn.  The district court held an evidentiary hearing at which Guerrero, the driver, and the officers testified.  The court found the officers' testimony more credible and held that the driver's failure to signal provided a lawful basis for the stop. Following the denial of his motion to suppress, Guerrero entered a conditional guilty plea to being a felon in possession of a firearm and ammunition.   18 U.S.C. § 922(g)(1).

On appeal, Guerrero presents a new theory in support of his motion to suppress.  He notes that California law requires a driver to signal before making a turn only if another vehicle on the road "may be affected by the movement."  Cal. Vehicle Code § 22107; *see People v. Carmona*, 124 Cal. Rptr. 3d 819, 823–25 (Ct. App. 2011).  He asserts that the government introduced insufficient evidence that the driver's alleged failure to signal could have impacted another car on the road.  *See United States v. Caseres*, 533 F.3d 1064, 1069 (9th Cir. 2008).  Thus, he concludes, even if the driver did not signal before turning, the officers lacked a lawful basis for making the stop.  The crucial fact for our purposes is that Guerrero never requested suppression on this ground in the district court.

We have decided to publish in this case to clarify the standard of review that governs in the wake of the 2014 amendments to Federal Rule of Criminal Procedure 12. That rule requires certain "defenses, objections, and requests"— including a request for suppression of evidence—to be raised by pre-trial motion. Fed. R. Crim. P. 12(b)(3)(C). Before 2014, Rule 12 directed that a party "waives" any Rule 12(b)(3) defense, objection, or request not asserted in a pre-trial motion, but also provided that, "[f]or good cause, the court may grant relief from the waiver." Fed. R. Crim. P. 12(e) (2003). We interpreted this provision to mean that "[a] theory for suppression not advanced in district court cannot be raised for the first time on appeal" absent a showing of good cause. *United States v. Keesee*, 358 F.3d 1217, 1220 (9th Cir. 2004); *see also United States v. Restrepo-Rua*, 815 F.2d 1327, 1329 (9th Cir. 1987) (per curiam). We thus construed Rule 12's good-cause standard as displacing the plain-error standard under Federal Rule of Criminal Procedure 52(b), which ordinarily applies when a party presents an issue for the first time on appeal. *See United States v. Wright*, 215 F.3d 1020, 1026–27 (9th Cir. 2000).

In 2014, the text of Rule 12(e) was amended and moved to subsection (c)(3). Rule 12 now specifies the consequences of failing to make a timely motion in these terms:

> **(3)** *Consequences of Not Making a Timely Motion Under Rule 12(b)(3).* If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause.

Fed. R. Crim. P. 12(c)(3).

Since the 2014 amendments, our sister circuits have reached conflicting conclusions on the standard of review that should apply in this context. Three circuits have held that untimely Rule 12(b)(3) defenses, objections, and requests raised for the first time on appeal should be reviewed for plain error under Rule 52(b). *United States v. Vasquez*, 899 F.3d 363, 372–73 (5th Cir. 2018); *United States v. Sperrazza*, 804 F.3d 1113, 1119 (11th Cir. 2015); *United States v. Soto*, 794 F.3d 635, 654–55 (6th Cir. 2015). The other circuits to decide the issue continue to apply Rule 12(c)(3)'s good-cause standard instead. *United States v. Vance*, 893 F.3d 763, 769–70 & n.5 (10th Cir. 2018); *United States v. Walker-Couvertier*, 860 F.3d 1, 9 & n.1 (1st Cir. 2017); *United States v. Fattah*, 858 F.3d 801, 807 (3d Cir. 2017); *United States v. McMillian*, 786 F.3d 630, 636 & n.3 (7th Cir. 2015); *United States v. Anderson*, 783 F.3d 727, 741 (8th Cir. 2015); *see also United States v. Burroughs*, 810 F.3d 833, 838 (D.C. Cir. 2016) (acknowledging the split without choosing a side).

Guerrero contends that we should align ourselves with the circuits that review untimely defenses, objections, and requests for plain error. Were we writing on a blank slate, we might have been inclined to follow their lead. Plain-error review under Rule 52(b) is the default standard governing our consideration of issues not properly raised in the district court, and the Supreme Court has set a high bar for creating exceptions to that standard. *See Puckett v. United States*, 556 U.S. 129, 135–36 (2009); *Johnson v. United States*, 520 U.S. 461, 466 (1997). Appellate courts are also familiar with the elements required to show plain error under Rule 52(b), as we are called upon to apply that standard in a wide range of settings. In contrast, we are less well-versed

in applying Rule 12's good-cause standard, which "often requires developing and analyzing facts to determine whether a defendant has shown good cause for the late filing." *Soto*, 794 F.3d at 655.

Nevertheless, as a three-judge panel, we may not forge our own path unless our prior precedent "is clearly irreconcilable with the text and history of subsequent legislation" or rulemaking. *United States v. Pepe*, 895 F.3d 679, 686 (9th Cir. 2018). That demanding standard has not been met here. As Guerrero points out, Rule 12 no longer labels untimely defenses, objections, and requests as "waived." But the 2014 amendments to Rule 12 did not eliminate the good-cause standard. Nor did they clarify that appellate courts should apply Rule 52(b)'s plain-error standard instead of the good-cause standard. In fact, the rulemaking history indicates that the Advisory Committee chose not to take a position on which of the two standards should apply, leaving that matter for the circuit courts to decide: "The amended rule, like the current one, continues to make no reference to Rule 52 (providing for plain error review of defaulted claims), thereby permitting the Courts of Appeals to decide if and how to apply Rules 12 and 52 when arguments that should have been the subject of required Rule 12(b)(3) motions are raised for the first time on appeal." Report of the Advisory Committee on Federal Rules of Criminal Procedure to the Standing Committee on Rules of Practice and Procedure 5–6 (May 2013). Accordingly, we cannot say that our prior precedent is clearly irreconcilable with the amended version of Rule 12.

Rule 12(c)(3)'s good-cause standard continues to apply when, as in this case, the defendant attempts to raise new theories on appeal in support of a motion to suppress. Guerrero has not shown good cause for failing to present in

his pre-trial motion the new theory for suppression he raises in this appeal. Nor has he challenged the district court's rejection of the one theory that he did raise below. We therefore affirm the district court's denial of his motion to suppress.

**AFFIRMED.**