NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50246 |
| Plaintiff-Appellee, | D.C. No. 8:16-cr-00139-CJC-1 |
| v. | |
| GLENN DESHAWN BROWNE, AKA Glenn Deshawne Browne, AKA Tay Tay, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted July 12, 2019**
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and SIMON,*** District Judge.

Defendant-Appellant Glenn Deshawn Browne ("Browne") appeals the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

district court's denial of his motion to suppress and his subsequent sentence for various firearms-related convictions. We affirm both the denial of the motion to suppress and the denial of a mitigating role adjustment under section 3B1.2 of the United States Sentencing Guidelines ("U.S.S.G."), but we remand for the district court to recalculate Browne's sentence after applying the appropriate base offense level.

Browne argues that the officers' warrantless search of the vehicle's passenger compartment exceeded what is permissible under *Michigan v. Long*, 463 U.S. 1032 (1983), and that this Fourth Amendment violation requires suppression of the pistol the officers discovered in the search.[1] Browne concedes, however, that he did not raise this ground for suppression below. Consequently, without a showing of good cause, he cannot advance that theory for the first time on appeal. *See United States v. Guerrero*, 921 F.3d 895, 897-98 (9th Cir. 2019). Browne has not made such a showing, so we affirm the district court's denial of the motion to suppress.

---

[1] Although he challenged the justification for the stop below, Browne conceded on appeal that the officers had reasonable suspicion to conduct a protective sweep. His other arguments on appeal—such as whether he has standing to challenge the search, whether the Government could further search the vehicle under the automobile exception, and whether the error in denying the motion to suppress was prejudicial—are irrelevant if the firearm was properly obtained through a protective sweep. Consequently, his suppression argument rises and falls with his challenge to the scope of the sweep.

Browne also challenges his sentence, arguing that the district court plainly erred by applying a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) rather than a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A), and that the court improperly rejected his request for a minor-role adjustment under U.S.S.G. § 3B1.2. The Government agrees with Browne that the district court relied on an incorrect base offense level, and that remand for resentencing is warranted so that the district court can calculate Browne's sentence with the proper base offense level. We thus remand for that purpose.

Because the minor-role adjustment issue is likely to arise again on remand, we address it here. *See United States v. Lee*, 725 F.3d 1159, 1161 (9th Cir. 2013). We do not agree with Browne that the district court clearly erred in concluding that the burglary preceding the conspiracy for which he was convicted was not "relevant conduct" or, accordingly, in denying a minor role adjustment. *See United States v. Hahn*, 960 F.2d 903, 907 (9th Cir. 1992)) ("Whether conduct extraneous to an offense of conviction is . . . 'relevant conduct' within the meaning of [the Guidelines] is reviewed for clear error."). Browne entered the conspiracy to sell the guns after the burglary had already occurred, so it was logical to ignore that act when considering his role in the conspiracy. Furthermore, Browne was substantially involved in helping to sell the guns, including arranging the sale and assisting with delivery of the firearms. These facts sufficiently supported the

district court's conclusion that Browne was not "substantially less culpable than the average participant" in the conspiracy. *See United States v. Quintero-Levya*, 823 F.3d 519, 521 (9th Cir. 2016) (quoting U.S.S.G. § 3B1.2, cmt. n.3(A)).

**AFFIRMED in part, VACATED in part and REMANDED in part.**