NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10524 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00742-CKJ-BPV-1 |
| v. | |
| RYAN GALAL VANDYCK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted July 15, 2019
San Francisco, California

Before: PAEZ and RAWLINSON, Circuit Judges, and HUCK,[**] District Judge.

Ryan VanDyck was convicted of conspiracy to produce child pornography

and possession of child pornography. He now appeals the district court's denial of

his motions to suppress evidence obtained from the execution of a search warrant

at his home office address.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Paul C. Huck, United States District Judge for the U.S.
District Court for Southern Florida, sitting by designation.

VanDyck makes three overarching arguments.  First, he argues that the evidence should have been suppressed as the fruit of an illegal warrantless search of the file attached to the email intercepted by American Online ("AOL") as suspected child pornography.  Second, he argues that the evidence should have been suppressed because police detectives obtained his subscriber information linked to an Internet Protocol ("IP") address without a warrant.  Finally, he argues that even if a warrant was not required to view the image attached to the email or to obtain the subscriber information, the evidence should be suppressed because the search warrant was not supported by probable cause.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]

### 1. Fruit of an Illegal Warrantless Search

VanDyck argues that law enforcement illegally searched the file attached to the email intercepted by AOL without a warrant.  VanDyck concedes that he did not raise this argument in front of the district court because of an "oversight."  We will not consider this argument as VanDyck has not shown good cause for failing to raise this issue.  *See United States v. Guerrero*, 921 F.3d 895, 898 (9th Cir. 2019).

---

[1] We review de novo the district court's denial of a motion to suppress evidence and the validity of a search warrant.  *United States v. Cervantes*, 703 F.3d 1135, 1138 (9th Cir. 2012); *United States v. Crews*, 502 F.3d 1130, 1135 (9th Cir. 2007).

2

## 2. Subscriber Information

VanDyck argues that the evidence should be suppressed because the Fourth Amendment required a warrant to obtain the subscriber information associated with the IP address, and law enforcement obtained the subscriber information with only an allegedly illegal and deceptive grand jury subpoena. In *United States v. Forrester*, we concluded that internet users have no expectation of privacy in the IP addresses of the websites they visit because "they should know that this information is provided to and used by Internet service providers for the specific purpose of directing the routing of information." 512 F.3d 500, 510 (9th Cir. 2008). VanDyck argues that *Forrester* must be reconsidered in light of the Supreme Court's decision in *Carpenter v. United States*, 138 S. Ct. 2206 (2018).[2]

In *Carpenter*, the Court made it clear that its decision was a "narrow one" that did not express views on matters not before the Court. *Id.* at 2220. Given this narrow holding, we decline to extend *Carpenter* to encompass the argument advanced by VanDyck. Moreover, we are bound by our decision in *Forrester* as it is not clearly irreconcilable with *Carpenter*. *Cf. United States v. Pepe*, 895 F.3d 679, 686 (9th Cir. 2018) ("We have a rule that 'where the reasoning or theory of

---

[2] In *Carpenter*, the Court declined to extend the third-party doctrine to cell site records. *Id.* at 2217. Instead, the Court held that an individual maintained a "legitimate expectation of privacy in the record of his physical movements as captured" through cell site records. *Id.*

3

our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, a three-judge panel should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled.'") (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)).

### 3. Probable Cause

VanDyck argues that even with the image description and the subscriber information, the state judge lacked probable cause to issue the search warrant. We give "great deference to an issuing judge's finding that probable cause supports the warrant and review for clear error." *United States v. Flores*, 802 F.3d 1028, 1043 (9th Cir. 2015) (internal quotation marks and citation omitted). We "will not find a search warrant invalid so long as the issuing judge had a substantial basis for concluding that the supporting affidavit established probable cause." *Id.* (citation omitted).

Here, the affidavit in support of the search warrant included a description of a file containing child pornography sent by a specific email address, the IP address associated with that email address, and the internet provider's indication that the subscriber information for that IP address was located at a specific home office address. Moreover, the affidavit described how further investigation indicated that one of the homeowners at the address, VanDyck, had previously been investigated

4

for having an inappropriate relationship with a 13-year-old girl and that in a separate previous investigation into VanDyck's arrest for falsely impersonating a police officer, the police had found legal erotic photos of prepubescent children under VanDyck's bed. Thus, we conclude that the affidavit supporting the search warrant stated sufficient facts to establish probable cause.[3] *See Flores*, 802 F.3d at 1043.

**AFFIRMED.**

---

[3] VanDyck's motions to take judicial notice are denied as moot. Dkt Nos. 43, 70.