**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50338 |
| Plaintiff-Appellee, | D.C. No. 5:17-cr-00101-PSG-1 |
| v. | |
| WASFI ADEL ABBASSI, AKA Abbassi Wasfi Adel, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 9, 2019
Pasadena, California

Before: BEA, COLLINS, and BRESS, Circuit Judges.

Wasfi Abbassi appeals from his guilty plea to three counts related to drug

trafficking, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C.

§ 924(c)(1)(A)(i). He appeals the denial of his motion to suppress evidence and

challenges certain conditions of supervised release included in his sentence. For

the following reasons, we affirm the conviction and the denial of the motion to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

suppress evidence, but we vacate the sentence as it relates to special condition of supervised release 2 and remand to the district court with instructions to modify that condition of supervised release.

1.     Abbassi was not unreasonably detained by Officer Rollings in violation of the Fourth Amendment, and the circumstances of the detention did not amount to an arrest. Officers approaching a vehicle to arrest one or more occupants inside the car may briefly detain other, unknown occupants and may conduct a frisk of such persons. *United States v. Vaughan*, 718 F.2d 332, 335 (9th Cir. 1983). This sort of brief "detention does not automatically become an arrest when officers draw their guns [or] use handcuffs." *Gallegos v. City of Los Angeles*, 308 F.3d 987, 991 (9th Cir. 2002) (citations omitted). Under the circumstances here, the officers' choices to draw their weapons while executing the felony arrest warrants for Justice, who was seated in the passenger seat of Abbassi's car, and to use handcuffs on Abbassi while conducting a frisk for weapons immediately after, were "reasonable response[s] to legitimate safety concerns on the part of the investigating officers" that did not transform the detention into an arrest. *Washington v. Lambert*, 98 F.3d 1181, 1186 (9th Cir. 1996) (emphasis omitted).

2.     Officer Rollings was not required to read Abbassi his *Miranda* rights before asking him if he "had anything illegal on his person," as he began the frisk for weapons. When officers have the authority necessary to conduct a brief stop,

2

they may question the detained individual about matters "beyond the initial purpose of the stop," even without particularized suspicion regarding the subject matter of the questioning, so long as the questioning "does not prolong the stop." *United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir. 2007). The officer's question, whether Abbassi had "anything illegal on his person," and Abbassi's response, a "little bit of coke," happened within the first fifteen seconds that Officer Rollings had Abbassi out of the car and in handcuffs and before the officer completed the frisk. This question did not prolong the stop.

Further, when Officer Rollings asked Abbassi whether he had anything illegal on his person, Abbassi was not "in custody" such that *Miranda* warnings were required. *See Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam). Abbassi had been detained only briefly by Officer Rollings in the course of the execution of the warrants to arrest Justice, and, despite the officer's use of handcuffs, a *Miranda* warning was not required when, as here, the defendant was not placed in custody. *United States v. Bautista*, 684 F.2d 1286, 1292 (9th Cir. 1982) ("Handcuffing a suspect does not necessarily dictate a finding of custody. . . . Strong but reasonable measures to insure the safety of the officer or the public can be taken without necessarily compelling a finding that the suspect was in custody.") (quotations omitted).

  **3.**  The warrant to search Abbassi's residence was valid and based on

probable cause. Whether the warrant correctly identified possession of marijuana for the purpose of sales as a misdemeanor under California law is irrelevant. Under the Fourth Amendment, a warrant may be issued to search a location where "there is a fair probability that contraband or evidence of a *crime* will be found . . . ." *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (emphasis added).

The Superior Court judge issuing the warrant had "a substantial basis for determining the existence of probable cause." *Id*. at 239. Abbassi's only preserved arguments that the warrant was not supported by probable cause are (1) that the warrant application falsely described the search at the Crescent Avenue residence in 2014 as uncovering marijuana and more than $100,000 cash, and (2) that information about his three prior arrests between 2008-2014 was irrelevant because the arrests were "stale." He has not shown good cause for why the additional arguments he now raises should be considered for the first time on appeal. *See* Fed. R. Crim. P. 12(c)(3); *United States v. Guerrero*, 921 F.3d 895, 898 (9th Cir. 2019) (per curiam).

There is no evidence that Detective Hernandez "intentionally or recklessly made false or misleading statements" in the affidavit about the discovery of marijuana and $100,000 cash at the Crescent Avenue residence in 2014. *See United States v. Martinez-Garcia*, 397 F.3d 1205, 1215 (9th Cir. 2005). Additionally, any inaccuracy was not material. *See id.* Even excising the statement

4

that in 2014 marijuana and $100,000 cash had been found at the residence, the remaining facts in the affidavit were enough to support a probable cause finding.

Similarly, it was proper for the detective to include Abbassi's prior arrest information in her affidavit in support of the warrant, and it was proper for the judge to rely upon it. *See Greenstreet v. Cty. of San Bernardino*, 41 F.3d 1306, 1309 (9th Cir. 1994). But even if the information about those prior arrests was omitted from the warrant application, there still would have been probable cause to search his home.

4.      Special condition of supervised release 2 solves the first problem in Abbassi's standard condition 14 that was identified in *United States v. Evans*, 883 F.3d 1154, 1163–64 (9th Cir. 2018), by removing language related to Abbassi's personal history or characteristics. But under *Evans*, left unresolved is the ambiguity whether the only "specific risks" about which the probation officer may require Abbassi to inform "specific persons and organizations" are those that he personally poses to those persons and organizations. *United States v. Brewer*, 770 F. App'x 361, 362 (9th Cir. 2019); *see Evans*, 883 F.3d at 1164. We are bound by *Evans*, and our decision in *Brewer*, although unpublished, applied *Evans* to a special condition worded identically to the one here. Under these circumstances, we direct the district court to remedy the deficiency on remand. *See United States v. Ped*, 943 F.3d 427, 434 (9th Cir. 2019). The district court may do so by

modifying the condition to conform to the standard notification condition in the Central District of California's General Order No. 18-10 (standard condition No. 14), or by modifying the condition to conform with the Sentencing Guidelines' current standard notification condition, U.S.S.G. § 5D1.3(c)(12).

As to standard conditions of supervised release 5, 6, and 14, no additional modification on remand is necessary. Special condition 1 of the written judgment and the oral pronouncement of the sentence were explicit that those conditions do not apply to Abbassi, and the attachment of the full list of standard conditions did not undo that express limitation on which conditions were being incorporated from that list. We see no conflict between the oral and written judgments, but in any event, the "oral pronouncement controls." *United States v. LaCoste*, 821 F.3d 1187, 1190 (9th Cir. 2016).

**AFFIRMED in part, VACATED in part, and REMANDED.**