

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-10313 |
| Plaintiff-Appellee, | D.C. No.<br>1:14-cr-00114-DAD-BAM-1 |
| v. | |
| MICHAEL GALLOWAY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted October 24, 2019
San Francisco, California

Before:  MELLOY,[**] BYBEE, and N.R. SMITH, Circuit Judges.

Defendant Michael Galloway appeals his convictions and sentence for four

counts of tax evasion in violation of 26 U.S.C. § 7201. He argues that the district

court erred in: (1) denying his motion to dismiss Counts 1–3 of the indictment on

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

statute-of-limitations grounds; (2) denying his motion for acquittal on Counts 1–3; (3) denying his motion to suppress his financial records; and (4) applying a sophisticated-means sentencing enhancement. We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part, affirm in part, and remand for resentencing.

1.      Galloway argues that the district court erred in not dismissing Counts 1–3 on statute-of-limitations grounds because the indictment was brought more than six years after Galloway filed his 2003, 2004, and 2005 tax returns. We review the district court's decision de novo. *United States v. Sure Chief*, 438 F.3d 920, 922 (9th Cir. 2006).

The six-year statute of limitations for tax evasion, 26 U.S.C. § 6531(2), begins to run in evasion of assessment cases "from the occurrence of the last act necessary to complete the offense."[1] *United States v. Carlson*, 235 F.3d 466, 470 (9th Cir. 2000).[2] Because tax evasion "is not a continuing offense" for statute of

[1] Both parties agree that Counts 1–3 charge Galloway with committing tax evasion only by evading the assessment of taxes, and not by evading the payment of taxes.

[2] The Government's contention that Counts 1–3 are timely because the statute of limitations began to run, not from the filing of the false tax returns, but from the date Galloway lied to the IRS agents about his taxable income—i.e., the last act of evasion—is squarely foreclosed by *Carlson*'s clear language. *See* 235 F.3d at 470.

2

limitations purposes, *Cohen v. United States*, 297 F.2d 760, 770 (9th Cir. 1962) (quoting *Norwitt v. United States*, 195 F.2d 127, 133 (9th Cir. 1952)), the offense of tax evasion "is complete as soon as every element in the crime occurs," *see United States v. Musacchio*, 968 F.2d 782, 790 (9th Cir. 1991). The elements of tax evasion under § 7201 are: (a) "willfulness";[3] (b) "the existence of a tax deficiency"; and (c) "an affirmative act constituting an evasion or attempted evasion of the tax." *United States v. Kayser*, 488 F.3d 1070, 1073 (9th Cir. 2007).

When Galloway late-filed his 2003, 2004, and 2005 tax returns, he had already incurred a tax deficiency for each year. *See United States v. Voorhies*, 658 F.2d 710, 714 (9th Cir. 1981) ("A tax deficiency exists [by operation of law] from the date a return is due to be filed . . . ."). Therefore, each offense of tax evasion charged in Counts 1–3 was complete when Galloway willfully filed his false tax returns (i.e., each element of tax evasion was thereby satisfied). Because the indictment was brought more than six years after Galloway filed his 2003, 2004, and 2005 tax returns, Counts 1–3 are barred by the statute of limitations. We therefore reverse the district court's denial of Galloway's motion to dismiss and vacate his convictions as to Counts 1–3.

---

[3] The parties do not dispute that Galloway *willfully* filed his false tax returns.

2.     Because we reverse the district court's denial of Galloway's motion to dismiss Counts 1–3 on statute-of-limitations grounds, we need not address Galloway's claim that the district court erred in denying his motion for acquittal.

3.     Galloway next argues that the district court erred in denying his motion to suppress because the IRS's warrantless inspection of his financial records violated his private-property interests under the Fourth Amendment. But Galloway "never requested suppression on this ground in the district court," *see United States v. Guerrero*, 921 F.3d 895, 896–97 (9th Cir. 2019), *petition for cert. filed*, (U.S. Nov. 27, 2019) (No. 19-6825), and therefore Federal Rule of Criminal Procedure 12(c)(3) provides that we may only consider his untimely claim if he shows "good cause for failing to present in his pre-trial motion the new theory for suppression he raises in this appeal," *id.* at 898. Because Galloway failed to show good cause, we affirm the district court's denial of his motion to suppress.

4.     Galloway lastly argues that the district court erred in applying a two-level sentencing enhancement for "an offense involv[ing] sophisticated means." *See* U.S. Sentencing Guidelines Manual § 2T1.1(b)(2) (U.S. Sentencing Comm'n 2018). We review the district court's "application of the Guidelines to the facts for an abuse of discretion, and its factual findings for clear error." *United States v. Jennings*, 711 F.3d 1144, 1146 (9th Cir. 2013).

The district court made several factual findings upon which it based its application of the sophisticated-means enhancement, none of which Galloway has shown to be clearly erroneous. And because Galloway has failed to show that the district court's determination that his tax-evasion scheme was sufficiently sophisticated to justify application of the sophisticated-means enhancement "was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record," *United States v. Torlai*, 728 F.3d 932, 937 (9th Cir. 2013) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)), we affirm the district court's application of the Sentencing Guidelines.

We **REVERSE** and **VACATE** Galloway's convictions for Counts 1–3, **AFFIRM** his conviction on the remaining count, and **REMAND** for resentencing.