**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30259 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00001-DLC-1 |
| v. | |
| ROBERT LEE CRAWFORD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted October 26, 2020[**]
Portland, Oregon

Before: GRABER, CLIFTON, and IKUTA, Circuit Judges.

Defendant Robert Lee Crawford timely appeals the denial of his motion to

suppress evidence following his conditional guilty plea to possessing a firearm as a

felon in violation of 18 U.S.C. § 922(g)(1). Reviewing the district court's denial of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the motion to suppress de novo and its underlying factual findings for clear error, United States v. Lara, 815 F.3d 605, 608 (9th Cir. 2016), we affirm.

1. Defendant lacks standing to contest the parole officers' search of the gun safe because he repeatedly denied ownership of it. See United States v. Decoud, 456 F.3d 996, 1007–08 (9th Cir. 2006) (holding that a defendant forfeits standing under the Fourth Amendment, an issue we review de novo, "by unequivocally disclaiming ownership" of the searched property).

2. Defendant cannot challenge the officers' retrieval of a firearm and a black bag that he discarded just before his arrest because he had not yet been seized. See United States v. McClendon, 713 F.3d 1211, 1216 (9th Cir. 2013) (holding that no seizure occurred when police drew their guns and told the defendant he was under arrest because the defendant did "not display any intention of submitting to the officers' authority"). Defendant's argument that he displayed an intent to submit to the officers is belied by the record. Even if officers had seized Defendant, they had the "reasonable grounds" required by Montana law to arrest him because authorities just had found firearms, along with documents bearing Defendant's name, in the safe. See State v. Plouffe, 646 P.2d 533, 537 (Mont. 1982) (holding that the arrest of a parolee is lawful when there are "reasonable grounds to believe that the defendant had committed acts that constituted a violation of parole

conditions").  Similarly, the officers had the authority to search the bag because they had reasonable suspicion that he had violated parole conditions.

3.  To the extent that parole officers violated Montana statutory law through their delay in filing post-arrest paperwork, or otherwise, that violation would not warrant suppression because the contested evidence would not have "been come at by exploitation of that illegality."  Wong Sun v. United States, 371 U.S. 471, 488 (1963).

4.  Defendant forfeited his argument that parole officers violated his due process rights because he did not raise it before the district court and cannot show good cause for the delay.  See United States v. Guerrero, 921 F.3d 895, 898 (9th Cir. 2019) (per curiam) (holding that a defendant must show good cause when he "attempts to raise new theories on appeal in support of a motion to suppress"), cert. denied, 140 S. Ct. 1300 (2020).

**AFFIRMED.**