**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FRANCISCO FELIX, AKA Paco,

Defendant-Appellant.

Nos. 19-10047

D.C. No.
2:14-cr-00040-WBS-1

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted January 13, 2021**
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and WHALEY,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

After ten months of investigating a drug-trafficking operation in Central California, law enforcement officers sought and received district court authorization to wiretap two cell phones connected to Appellant Francisco Felix. The audio recordings that the wiretap yielded proved quite damning to Felix, who was convicted by a jury for various drug-trafficking offenses and sentenced to 240-months imprisonment. Felix now appeals the district court's denial of his motion to suppress the wiretap evidence, arguing that law enforcement failed to demonstrate that a wiretap was necessary to achieve the objectives of its investigation. Felix also argues, for the first time on appeal, that 18 U.S.C. § 2518's necessity requirements are unconstitutional as applied to him. The district court had jurisdiction under 28 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We apply a two-tiered standard of review to a district court's denial of a motion to suppress wiretap evidence that hinges on a finding of necessity. We review de novo whether the wiretap application contained a "full and complete statement of the facts" to support the request under 18 U.S.C. § 2518(1)(c). *United States v. Rivera*, 527 F.3d 891, 898 (9th Cir. 2008). If the affidavit's statement of facts is sufficient, we review the district court's necessity determination for abuse of discretion. *United States v. Lynch*, 437 F.3d 902, 912 (9th Cir. 2006) (en banc)

2

(per curiam).  Because Felix challenges the district court's necessity determination, we will only reverse the district court's decision if it was "illogical, implausible, or without support in inferences that may be drawn from the record."  *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

The district court properly exercised its discretion in determining that necessity existed to authorize the wiretap.  Wiretaps are an "unconventional method" of investigation and a substantial privacy intrusion.  *See United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1110 (9th Cir. 2005).  For that reason, a wiretap application must demonstrate that "traditional investigative procedures (1) have been tried and failed; (2) reasonably appear unlikely to succeed if tried; or (3) are too dangerous to try."  *Id.* at 1112.  As the district court found, the sixty-page affidavit attached to the wiretap application here met that standard.  Although the use of traditional investigative techniques—including confidential informants—was moderately successful in uncovering some of Felix's lower-level associates and his marijuana-growing operations, their continued use was unlikely to produce evidence of the operation's finances, its foreign criminal connections, or its methamphetamine distribution network.

Felix's contention that he would have eventually revealed that information to an informant had the government "continue[d] to purchase additional multi-

pound quantities of methamphetamine and marijuana" is speculative and belied by the affidavit. We review the affidavit "as a whole, and in a commonsense fashion." *United States v. McGuire*, 307 F.3d 1192, 1198 (9th Cir. 2002). A holistic review of the affidavit reveals several reasons why this informant was unlikely to receive high-level information from Felix: (1) the insular nature of the drug-trafficking operation made it unlikely that Felix would reveal such information to anyone but loyal family members or close family friends; (2) the organization, like other drug conspiracies, was compartmentalized to restrict access to the information investigators sought; and (3) Felix's ties to violent foreign cartels threatened informants' safety. Thus, the district court reasonably determined that the continued use of traditional investigative methods were unlikely to be successful. *See Gonzalez, Inc.*, 412 F.3d at 1112.

Next, Felix has forfeited his constitutional claim by failing to raise it before the district court. As a general rule, we will not entertain an argument raised for the first time on appeal. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *United States v. Gardner*, 107 F.3d 1314, 1320 (9th Cir. 1997). A defendant who fails to bring an argument in a motion to suppress must demonstrate good cause for such failure. *United States v. Guerrero*, 921 F.3d 895, 898 (9th Cir. 2019) (per curiam) (citing Fed. R. Crim. P. 12(c)(3)). Felix has not shown good cause for his failure

4

to raise this argument earlier. He argues, in passing, that the claim is "purely legal" and relates to his underlying motion to suppress. But merely stating the nature of the claim—legal versus factual—does not explain why he did not raise the argument to the district court. There have been no intervening changes in the law or facts that prevented him from raising the claim earlier. Accordingly, we need not reach the merits of Felix's constitutional claim.

Regardless, Felix's constitutional claim is foreclosed by our decision in *United States v. Forrester*, 616 F.3d 929, 944–45 (9th Cir. 2010). There, we held that "the standards set forth in [18 U.S.C.] § 2518, which do not require a showing of exigent circumstances," are constitutional under the Fourth Amendment. *Forrester*, 616 F.3d at 945. Felix acknowledges that his argument "has been rejected by a three-judge panel of this Court" but has not presented any intervening authority that conflicts with *Forrester*. Nor have we found any. We are, therefore, bound by that decision, and Felix's constitutional claim fails.

**AFFIRMED.**