**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 19-50297 |
| | 19-50303 |
| Plaintiff-Appellee | |
| v. | D.C. Nos. |
| | 3:18-cr-04187-WQH-2 |
| CONOLY FRANKLIN III and ANDRE ANTHONY FRANKLIN, AKA TOMMY MARTIN, | 3:18-cr-04187-WQH-1 |
| | MEMORANDUM* |
| Defendants- Appellants. | |

Appeal from the United States District Court
for the Southern District of California
William Hayes, District Judge, Presiding

Argued and Submitted February 12, 2021
Pasadena, California

Before: BOGGS,** M. SMITH, and MURGUIA, Circuit Judges

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Appellants Conoly Franklin and Andre Franklin, father and son, appeal from their conviction for attempted enticement for prostitution, in violation of 18 U.S.C. § 2422. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

The Franklins lived in Reno, Nevada. On August 30, 2018, they drove together from Reno to San Diego, California to pick up three females (one adult, two minors) whom they had recruited over the previous week to work as prostitutes. Conoly used Facebook, texts, and phone calls to recruit Ash Lee, a 26-year-old in San Diego, as well as her 16-year-old sister. Andre used texts and phone calls to recruit Jamie, a 16-year-old in Napa, California. It turned out that all three women were not real, but were personas created by undercover detectives from two different task forces. When the Franklins arrived in San Diego, they were arrested and placed in a police car where a recording device had been placed in the back seat prior to the stop. Andre consented to search of his phone, which revealed that they were planning to go from San Diego to Napa to pick up "Jamie."

The Franklins, after waiving indictment, were charged in a four-count information. Count I charged the Franklins with a sex-trafficking conspiracy, in violation of 18 USC § 1591, 1594.[1] Count II charged Conoly with attempting to entice an adult to travel in interstate and foreign commerce to engage in "prostitution

---

[1] The jury found both men not guilty of conspiracy.

or a sexual activity for which a person can be charged with a criminal offense" in violation of 18 U.S.C. § 2422(a). Counts III and IV charged Conoly and Andre respectively with using interstate or foreign commerce to entice a minor (under the age of 18) to engage in prostitution, in violation of 18 U.S.C. § 2422(b). Conoly was found guilty on Counts II and III, and Andre was found guilty on Count IV.

On appeal, the Franklins argue that the information failed to properly inform them of the offenses for which they were charged and therefore denied them the opportunity to adequately prepare their defense. Section 2422(a) and (b) prohibit coercion and enticement of (a) an adult or (b) a minor to engage in "prostitution or any sexual activity for which any person can be charged with a criminal offense." The Franklins argue that the language "to engage in . . . any sexual activity for which any person can be charged with a criminal offense" requires that the charging document specify the underlying offense.

The Franklins raise this claim for the first time on appeal. A claim brought for the first time on appeal is reviewed for plain error. *United States v. Guerrero*, 921 F.3d 895, 897 (9th Cir. 2019) (per curiam). However, Federal Rule of Criminal Procedure 12(b)(3) requires that an objection to a defective information be made

before trial.  Fed. R. Crim. P. 12(b)(3).  No such objection was made, so the claim is waived.[2]  *Guerrero*, 921 F.3d at 898.

Even if it were not waived, the Franklins' claim ignores the language of 18 U.S.C. § 2422, which refers in both of its subsections to causing a person (adult or minor) "to engage in prostitution *or* any sexual activity for which any person can be charged with a criminal offense." § 2422(a) and (b) (emphasis added).  The only evidence brought before the jury related solely to "prostitution." Under the plain language of the statute, neither subsection requires that "prostitution" be in violation of a specific criminal statute.  *See United States v. LeCoe*, 936 F.2d 398, 402–03 (9th Cir. 1991).  The evidence in the record is overwhelming that the Franklins enticed three women to engage in prostitution.  The attack on the alleged deficiency or ambiguity relating to the remainder of the statute is irrelevant.

The Franklins argue that the jury instructions also failed to identify the sexual activity for which they could be charged with a criminal offense.  This argument fails for the reasons set forth above.  Further, the jury instructions for Count II and IV list only "prostitution" as the underlying conduct.  This language follows this circuit's model jury instructions for both § 2422(a) and (b), which simply list

---

[2] The Franklins do not show good cause for their failure to object to the information in the district court.  *See* Fed. R. Crim. P. 12(b)(3); *Guerrero*, 921 F.3d at 898.

4

"prostitution" without any need to specify a criminal statute. Ninth Circuit Manual of Model Criminal Jury Instructions § 8.192 and § 8.192A.

The Franklins' alternative arguments also fail. They make two evidentiary claims, insufficient evidence to support the conviction under Counts III and IV, and exclusion of evidence obtained after Andre's arrest. We review de novo whether sufficient evidence existed to support the conviction. *United States v. Rashkovski*, 301 F.3d 1133, 1136 (9th Cir. 2002). Evidence is sufficient "if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Ibid*. To convict a defendant for attempt under § 2422 (b), the government must prove that he knowingly (1) attempted (2) to persuade, induce, entice, or coerce (3) a minor (4) to engage in prostitution. *United States v. Goetzke*, 494 F.3d 1231, 1234–35 (9th Cir. 2007). The record taken as a whole and viewed in the light most favorable to the government is more than sufficient for a rational juror to find the Franklins guilty of Counts III and IV.

Andre argues that he was arrested without probable cause and therefore statements made after his arrest should be suppressed. In determining whether probable cause for the underlying arrest existed, the question is "whether, under the totality of the circumstances, a prudent officer would have believed that there was a fair probability that [the defendant] committed a crime." *United States v. Collins*,

5

427 F.3d 688, 691 (9th Cir. 2005). The totality of the circumstances, including evidence from social media, texts, phone calls, conversations, and the trip to California with his father, supports the district court's holding that probable cause existed to arrest Andre.

Andre also argues that Count I and Count IV should have been severed because the evidence of enticing prostitution under Count IV was stronger than evidence of conspiracy under Count I, thereby tainting the jury as to Count I. The jury found Andre guilty of the stronger case (Count IV) and not the weaker case (Count I), so any alleged prejudice was harmless error.

Finally, the Franklins argue that the district court should have given an entrapment instruction to the jury. This claim is reviewed for plain error since the Franklins failed to make such a request to the district court. *United States v. Freeman*, 6 F.3d 586, 600 (9th Cir. 1993). To establish entrapment, a defendant must show "(1) that he was induced to commit the crime by a government agent; and (2) that he was not otherwise predisposed to commit the crime." *Ibid*. An inducement consists of an opportunity and, for example, "persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship." *United States v. Cortes,* 757 F.3d 850, 858 (9th Cir. 2014).

Conoly claims entrapment because the government unfairly created an online profile of Ash Lee "an impossible person: a beautiful blonde in her mid-twenties new to the game" and ready to prostitute herself for him. [Reply brief at 1-2.] Conoly argues that "[f]alling for the inducement of having a beautiful young woman come devote herself to him preys too much on human weakness to be considered fair play." [Id. at 29-30] But Conoly made the initial suggestion of prostitution to both "Ash Lee" and "her minor sister." Conoly also admitted that he had previously pimped other women.

Likewise, the record shows that Andre introduced the idea of prostitution to "Jamie" to entice her and proceeded despite learning that she was only 16 years old. The Franklins were not entrapped. And evidence of the Franklins' predisposition is manifest. The district court did not commit plain error in denying an entrapment jury instruction.

The district court is AFFIRMED.