**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10395 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00214-KJD-VCF-1 |
| v. | |
| MICAH MECKIEL BRUNO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted March 10, 2021**
Las Vegas, Nevada

Before: CLIFTON, NGUYEN, and BENNETT, Circuit Judges.

Micah Bruno appeals from his criminal conviction for uttering counterfeit obligations or securities. He challenges the district court's denial of his motion to suppress. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Normally, we review the denial of a suppression motion de novo and the underlying factual findings for clear error. *United States v. Dixon*, 984 F.3d 814, 818 (9th Cir. 2020). But where "the defendant attempts to raise new theories on appeal in support of a motion to suppress," he must show "good cause for failing to present in his pre-trial motion the new theory for suppression he raises in [the] appeal." *United States v. Guerrero*, 921 F.3d 895, 898 (9th Cir. 2019) (per curiam), *cert. denied*, 140 S. Ct. 1300 (2020); *see* Fed. R. Crim. P. 12(c)(3).

Here, like the *Guerrero* defendant, Bruno changed his argument on appeal. In the district court, he disputed the government's factual representations supporting the search of his apartment. On appeal, he no longer argues that the search warrant application contained factual inaccuracies or material omissions. Rather, he argues that the facts were insufficient to establish probable cause. Because Bruno fails to explain why he has good cause for not raising this argument earlier, we deem it waived. *See Guerrero*, 921 F.3d at 898.

**AFFIRMED.**