**NOT FOR PUBLICATION**

**FILED**

APR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-10276 |
| Plaintiff-Appellee, | D.C. No. 1:21-cr-00192-JLT-SKO-1 |
| v. | |
| FRANCISCO JAVIER MELGOZA, AKA Frankie, AKA Franky, AKA Francisco Melgoza, AKA Francisco J. Melgoza, AKA Travieso, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Argued and Submitted December 4, 2023
San Francisco, California

Before:  COLLINS, FORREST, and SUNG, Circuit Judges.

Francisco Javier Melgoza appeals the district court's denial of his motion to

suppress evidence.[1] We have jurisdiction under 28 U.S.C. § 1291. "We review the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Melgoza's plea agreement preserves his right to appeal the denial of the suppression motion. *See, e.g.*, *United States v. Estrella*, 69 F.4th 958, 964 (9th Cir. 2023).

denial of a motion to suppress de novo, and any underlying findings of fact for clear error." *United States v. Estrella*, 69 F.4th 958, 961 (9th Cir. 2023) (quoting *United States v. Vandergroen*, 964 F.3d 876, 879 (9th Cir. 2020)). The question of whether an encounter was a seizure "is a mixed question of law and fact" that we review de novo. *United States v. Chan-Jimenez*, 125 F.3d 1324, 1326 (9th Cir. 1997) (citing *United States v. Kim*, 25 F.3d 1426, 1430 (9th Cir. 1994)). For the reasons below, we affirm.

1. Melgoza argues for the first time on appeal that the warrantless search of his bag was unlawful because the scope of his consent to search was limited to his person. "Except for good cause, a motion to suppress must 'be raised by pretrial motion.' Defendants ordinarily may not raise new grounds for suppression on appeal." *United States v. Magdirila*, 962 F.3d 1152, 1156 (9th Cir. 2020) (quoting Fed. R. Crim. P. 12(b)(3)(C)). In his motion to suppress, Melgoza argued primarily that Officer Ethan Nousch lacked reasonable suspicion to make a traffic stop. Melgoza did not make any arguments about the scope of his consent, and he does not show good cause for that omission. *See United States v. Guerrero*, 921 F.3d 895, 898 (9th Cir. 2019) (concluding defendant waived issue raised for first time on appeal where defendant did not show good cause for failing to raise the issue in pretrial motion).

A defendant may "make a new legal argument in support of suppression" on

2

appeal if the new argument "does not affect or rely on the factual record developed by the parties." *Magdirila*, 962 F.3d at 1157 (citing *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001)). However, Melgoza's new argument does not fall within this exception. At the suppression hearing, the parties focused exclusively on the question of whether Melgoza stopped voluntarily or whether Officer Nousch stopped Melgoza, and in the alternative, whether Officer Nousch had reasonable suspicion to stop Melgoza. Melgoza agreed that no evidentiary hearing was necessary to resolve these issues. Consequently, the government had no reason or opportunity to present evidence related to the scope of Melgoza's consent. Because "[i]t would be unfair to surprise litigants on appeal by final decision of an issue on which they had no opportunity to introduce evidence," *Hawkins*, 249 F.3d at 872 (alteration in original) (quoting *United States v. Whitten*, 706 F.2d 1000, 1012 (9th Cir. 1983)), we decline to address Melgoza's new argument, *see id.* (declining to consider new arguments because "the only issue raised by [defendant] before the magistrate judge concerned the legality of the stop of his truck" and therefore "the Government was not required to present evidence to justify the investigation and arrest that followed").[2]

---

[2] Melgoza also argues that the government cannot claim that Officer Nousch's warrantless search of Melgoza's bag was a valid search incident to arrest or a valid probation search, but the government has expressly disavowed these justifications. Consequently, we need not address them.

Melgoza concedes that the record related to his argument regarding the scope of consent is undeveloped but argues that we should remand the case for additional fact finding. The record regarding the scope of consent is undeveloped because Melgoza did not raise the issue and declined the opportunity for an evidentiary hearing. Despite this waiver, Melgoza argues that remand is required, citing *United States v. Wright*, 625 F.3d 583 (9th Cir. 2010), *superseded by statute on other grounds as recognized by United States v. Brown*, 785 F.3d 1337, 1351 (9th Cir. 2015). *Wright*, however, is inapposite. In that case, we held that a "remand for factual findings is required where it is impossible to determine the basis for the district court's denial of a motion to suppress." *Id.* at 604. Here, the district court considered the issues raised in the motion to suppress, made the necessary findings of fact, and explained its reasons for denying the motion. Remand for factual findings is therefore unnecessary.

2. We agree with the district court that Officer Nousch's conduct after Melgoza voluntarily stopped did not amount to a seizure. Melgoza does not challenge on appeal the district court's finding that Officer Nousch pulled in behind Melgoza only after Melgoza voluntarily stopped on the side of the road. "It is well established . . . that the Fourth Amendment is not implicated when law enforcement officers merely approach an individual in public and ask him if he is willing to answer questions." *United States v. Washington*, 490 F.3d 765, 770 (9th

4

Cir. 2007). Because Melgoza voluntarily stopped, the question is whether Officer Nousch's subsequent actions, after approaching Melgoza, "escalate[d] [the] consensual encounter into a seizure." *Id.* at 771. Given that Melgoza was having trouble with his motorcycle and could not readily walk away from where he was when Officer Nousch approached him, the question of whether Melgoza was ultimately "seized" during the encounter turns on whether, in light of "all the circumstances," Officer Nousch's "conduct would have communicated to a reasonable person that the person was not free to decline [his] requests or otherwise terminate the encounter." *Florida v. Bostick*, 501 U.S. 429, 439 (1991).

Melgoza argues that once Officer Nousch activated the police lights on his car and asked Melgoza about his probationary status, a reasonable person in Melgoza's position would not have felt free to leave. However, Melgoza does not challenge the district court's finding that Officer Nousch activated his vehicle's emergency lights only *after* Melgoza voluntarily stopped. Two additional factors further confirm that the activation of those lights would not cause a reasonable person in these circumstances to believe that he had been seized. As the district court noted, Melgoza was on the side of the road with a disabled vehicle, and the traffic "was moving at a fast clip" and included "large vehicles." In addition, Officer Nousch's first question to Melgoza was not about a traffic violation but rather whether he was okay and "if he was having an issue with his motorcycle."

5

Under these circumstances, a reasonable person would have concluded that the activation of the lights was a safety measure to ensure the officer's and Melgoza's security. Moreover, as the district court correctly concluded, there were no other indicia of coercion that would have caused a reasonable person to conclude that he could not terminate the encounter. Only one officer was involved in the encounter; it took place on a public street; the officer never touched his weapon; and there is no evidence that the officer used an aggressive or threatening tone. The mere fact that Officer Nousch, upon noticing the obvious ankle bracelet that Melgoza was wearing, asked if he was on probation did not transform the encounter into a seizure.

     **AFFIRMED.**