NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL ANGEL VIEYRA-GARCIA,

Defendant - Appellant.

No. 24-5249

D.C. No.
1:23-cr-02053-SAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted November 19, 2025[**]
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and DESAI, Circuit Judges.

Miguel Angel Vieyra-Garcia ("Vieyra-Garcia") appeals the district court's denial of his motion to suppress. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review a district court's denial of a motion to suppress de novo. *United States v. Hylton*, 30 F.4th 842, 846 (9th Cir. 2022). We likewise review de novo whether reasonable suspicion supports a search or seizure, and we review underlying factual findings for clear error. *United States v. Diaz-Juarez*, 299 F.3d 1138, 1140 (9th Cir. 2002).

On appeal, Vieyra-Garcia makes two arguments. First, he argues that officers violated the Fourth Amendment by driving up to his car and parking ten feet away, thereby seizing him. Second, he argues that officers violated the Fourth Amendment by searching his backpack.

1.      A seizure occurs when officers, "by means of physical force or show of authority," restrain a person's liberty such that no reasonable person would feel free to leave. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *see also United States v. Mendenhall*, 446 U.S. 544, 554 (1980). The Fourth Amendment permits officers to briefly seize a person upon reasonable suspicion of ongoing criminal activity. *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (citing *Terry*, 392 U.S. at 30). The reasonable suspicion standard takes into account the totality of the circumstances and allows "commonsense judgments and inferences." *Kansas v. Glover*, 589 U.S. 376, 380–81 (2020). The facts constituting reasonable suspicion "must be known to officers at the time of the stop." *United States v. Magallon-Lopez*, 817 F.3d 671, 675 (9th Cir. 2016).

Here, officers seized Vieyra-Garcia by pulling up to his car and parking about ten feet away. *See Mendenhall*, 446 U.S. at 554. But officers did not violate Vieyra-Garcia's Fourth Amendment rights because this brief seizure was based on the officers' reasonable suspicion of ongoing criminal activity. Before they pulled up to Vieyra-Garcia's car, officers observed the car dropping off Maximus McCloud-Bell, who officers knew was a "documented gang member," the target of an arrest warrant, and armed when arrested. Taken together, these facts gave officers reasonable suspicion to conduct "a brief stop for questioning." *See Bailey v. United States*, 568 U.S. 186, 202 (2013); *see also United States v. Mayo*, 394 F.3d 1271, 1275 (9th Cir. 2005).

2.      The officers did not violate Vieyra-Garcia's Fourth Amendment rights by searching his backpack. Vieyra-Garcia was on probation and was subject to a search condition. When a person on probation is subject to a valid search condition, the Fourth Amendment permits a search upon reasonable suspicion of ongoing criminal activity. *United States v. Knights*, 534 U.S. 112, 121 (2001).

Here, officers confirmed Vieyra-Garcia was on probation before arresting him. They then conducted a search of his person incident to the arrest and found methamphetamine in Vieyra-Garcia's pocket. Vieyra-Garcia admitted to using the drug. Based on these facts, officers searched Vieyra-Garcia's backpack, where they found three rounds of ammunition. Under the totality of the circumstances, officers

3                                                    24-5249

had reasonable suspicion to search Vieyra-Garcia's personal property in the car. *See United States v. Stokes*, 292 F.3d 964, 966–68 (9th Cir. 2002).

3.    Vieyra-Garcia forfeited his claims that the search of his backpack lacked a "nexus" to a probation violation or that the search condition itself is unconstitutional. "A theory for suppression not advanced in district court cannot be raised for the first time on appeal" without good cause. *United States v. Guerrero*, 921 F.3d 895, 897 (9th Cir. 2019) (citation modified). Vieyra-Garcia failed to raise these claims in district court, arguing simply that the search and seizure were "a convoluted mess." Because he does not show good cause on appeal for this failure, they are forfeited.

**AFFIRMED**.