NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50033 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:17-cr-00044-MWF-2 |
| SHANE ARNOLD, AKA Shay Arnaldi, AKA Alexander Arnold, AKA Shane Enrique Arnold, AKA Shane Eric Arnold, AKA Shay, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted November 20, 2020**
Pasadena, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and PRESNELL,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

Shane Arnold appeals his conviction following a bench trial for two heroin-distribution charges under 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) and for being in possession of a firearm with ammunition after a domestic-violence misdemeanor conviction in violation of 18 U.S.C. § 922(g)(9). Arnold also appeals his sentence. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

## I.    Arnold's Motion to Suppress

Arnold challenges the district court's denial of his motion to suppress evidence seized under the search warrant executed on a converted garage on South Wilton Place in Los Angeles, California. We review a district court's denial of a motion to suppress relating to a search warrant de novo. *United States v. Jordan*, 291 F.3d 1091, 1099 (9th Cir. 2002). We review for clear error a district court's underlying factual findings relating to a motion to suppress, such as "whether any statements were false or omitted and whether any such statements were intentionally or recklessly made." *United States v. Elliot*, 322 F.3d 710, 714 (9th Cir. 2003).

The Fourth Amendment requires that a search warrant be supported by a truthful factual showing sufficient to comprise probable cause. *Franks v. Delaware*, 438 U.S. 154, 164–65 (1978). Arnold argues that evidence seized via the Wilton search warrant must be suppressed under *Franks* because the affidavit

19-50033

supporting the warrant contained material misrepresentations and omissions. To suppress evidence under *Franks*, a defendant must establish that "the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant" and that, after removing the misstatements and supplementing the omissions, "the affidavit's remaining content is insufficient to establish probable cause."[1] *United States v. Martinez-Garcia*, 397 F.3d 1205, 1215 (9th Cir. 2005) (quoting *Franks*, 438 U.S. at 155–56).

Arnold first argues that Detective Marc Tarzia misstated his observations from his surveillance of a drug transaction described in the affidavit. Arnold's arguments during his *Franks* hearing and in his trial briefs all pertain to alleged misstatements by Detective Anthony Chavez and his asserted omissions. Arnold did not argue below that Detective Tarzia made any misrepresentations and the district court did not consider or address that issue. A defendant who raises new theories on appeal in support of a motion to suppress must demonstrate good cause before he or she is permitted to proceed on those theories. *United States v. Guerrero*, 921 F.3d 895, 897–98 (9th Cir. 2019). Because Arnold has not argued good cause, his argument with respect to Detective Tarzia cannot succeed. Further,

---

[1] When considering a motion to suppress under *Franks*, this Court reviews both whether any misstatement or omission is material and whether probable cause exists following correction of such a misstatement or omission de novo. *Elliot*, 322 F.3d at 714.

even in absence of waiver, there were many indicators apart from Detective Tarzia's observation that evidence of a crime would be found at the Wilton garage sufficient to establish probable cause. These included the fact that a confidential informant met with Arnold several different times at the garage to discuss the sale of drugs, and that the informant was given sample drugs at some of those meetings.

The only remaining *Franks* argument is Arnold's assertion that the Wilton-warrant affidavit omitted the fact that no drug seizures or arrests had been made in connection with the Wilton address. When reviewing omissions, a court must determine whether the omitted facts were "required to prevent technically true statements in the affidavit from being misleading." *United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014) (quoting *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009)).

The only statement in the affidavit that Arnold argues is misleading is that the confidential informant had "led to multiple Title III affidavits and multiple narcotics seizures." Arnold asserts that by omitting that none of these seizures occurred at the Wilton address, law enforcement implied that it had confirmed the presence of drugs at the Wilton address, when in fact it had not. But this is the very reason officers needed a search warrant—to obtain such evidence. The affidavit otherwise contains a thorough summary of the investigation over the course of several months which included several statements from Arnold regarding his

activities at Wilton and detailed that two narcotics samples were obtained from Arnold. The asserted omissions do not make the affidavit misleading and even if they were supplemented, the affidavit would have provided probable cause for the search warrant.

## II. The District Court's *Rehaif* Error

No plain error resulted from the indictment's failure to allege, and the district court's failure to find, the knowledge element of a prosecution under 18 U.S.C. § 922(g) as established in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding that the government "must prove [both] that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). We review for plain error an insufficient indictment and an incorrect legal standard claim[2] raised for the first time on appeal. *Johnson*, 2020 WL 6268027, at *3. Under plain error review, relief is not warranted unless "(1) there was an error, (2) the error is clear or obvious, (3) the error affected [the defendant's] substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.*

---

[2] Arnold frames his argument as a "sufficiency of the evidence" claim. This Court recently held in *United States v. Johnson*, --- F.3d ---, 2020 WL 6268027 (9th Cir. 2020) that an identical claim was "best understood not as a challenge to the sufficiency of the evidence, but rather as a claim that the district court applied the wrong legal standard in assessing his guilt—specifically, by omitting the knowledge-of-status element now required under *Rehaif*." *Id.* at *3.

(citing *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019)).

Although the first two prongs have been satisfied, we conclude that Arnold has not satisfied the third or fourth prongs of the plain error standard, which require him to show that "but for the error, the outcome of the proceedings would have been different." *Benamor*, 937 F.3d at 1188 (citing *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)). The trial record indicates that Arnold had previously been convicted of a domestic violence misdemeanor under California Penal Code § 273.5(a), which prohibits the infliction of corporal injury on a cohabitant or the mother or father of a defendant's child. The trial record further indicates that, as a part of his conviction, Arnold enrolled in a 52-week domestic violence program. This evidence proves beyond a reasonable doubt that Arnold had the requisite knowledge under *Rehaif* for a conviction under 18 U.S.C. § 922(g)(9). *See Benamor*, 937 F.3d at 1189.

### III. Arnold's Sentence

We review a district court's interpretation of the United States Sentencing Guidelines de novo, its application of those Guidelines for abuse of discretion, and its factual findings for clear error. *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010), *overruled on other grounds by United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020). A district court abuses its discretion if it applies the Guidelines "in a way that is 'illogical, implausible, or without support in inferences

19-50033

that may be drawn from the facts in the record.'" *Id.* at 999 (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)).

U.S.S.G. § 2D1.1(b)(1) provides for a two-level increase in a defendant's sentencing score if a "dangerous weapon (including a firearm) was possessed" during the commission of a drug trafficking crime. The district court need not find a connection between the weapon and the offense, just that the defendant possessed the weapon during commission of the offense. *United States v. Restrepo*, 884 F.2d 1294, 1296 (9th Cir. 1989). The enhancement is appropriate "unless it is clearly improbable that the weapon was connected with the offense." *United States v. Boykin*, 785 F.3d 1352, 1364 (9th Cir. 2015). The district court properly applied the enhancer to Arnold's sentencing score by considering "all of the offense conduct, not just the crime of conviction." *See United States v. Willard*, 919 F.2d 606, 610 (9th Cir. 1990) (quoting U.S.S.G. § 2D1.1 n. 3 (2010)). Arnold was convicted of conspiracy drug trafficking in connection with his activities at the Wilton address. A search of the Wilton address resulted in the seizure of two firearms, marijuana, and other drug trafficking contraband. His possession of the firearms at the address where he carried out the drug trafficking conspiracy supports the application of this enhancement. *Boykin*, 785 F.3d at 1364.

**AFFIRMED.**

7